Argued April 22, affirmed June 2, 1914.

## STATE v. ADLER.

(142 Pac. 344.)

**Criminal Law—Appeal—Dismissal—Time for Motion.**

1. Where the record contains a bill of exceptions consisting of the transcript of all the evidence in the case, and the appellant relies on the denial of a motion for directed verdict ·as error, a motion to dismiss the appeal on the ground that appellant has not filed a proper bill of exceptions and because the brief contains no assignment of error, not filed within ten days after knowledge of the alleged failure of the appellant to comply with the requirements, as required by Supreme Court Rule 23 (56 Or. 623, 117 Pac. xii), must be denied.

**Criminal Law—Appeal—Bill of Exceptions—Matters Presented for Review.**

2. Upon a bill of exceptions consisting of a transcript of all the evidence, no question can be considered except the ruling on a motion for directed verdict.

**Criminal Law—Nonsuit—Extent of Right.**

3. In a criminal trial a proceeding in the nature of a motion for nonsuit is not recognized under the code, unless defendant has rested his case.

Criminal Law—Appeal—Determination of Cause—Reversal.

4.   In view of Section 1444, L. O. L., providing that when a crime involves the commission of, or attempt to commit, a private injury and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or intended to be injured is not material, and Article VII, Section 3 of the Constitution as amended, authorizing affirmance when the court can determine from the evidence that the judgment was such as should have been rendered, the denial of a motion for directed verdict in a prosecution for receiving stolen goods for failure to prove the corporate existence of the alleged owner of the goods is not ground for reversal, where the evidence showed that the company named had been in business for many years, and no one was misled by the omission of the proof, though there was not even an attempt to prove a *de facto* corporation.

Indictment and Information—Ownership of Property—Designation.

5.   When the ownership of goods stolen is laid in a corporation, the corporate name must be given, but the fact of the incorporation need not be alleged, at least, if the name imports incorporation.

From Multnomah: JOHN P. KAVANAUGH, Judge.

The defendant, Joe Adler, was indicted, tried and convicted of receiving stolen property, and appeals.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Manning, White & Hitch,* with an oral argument by *Mr. Robert E. Hitch.*

For the State there was a brief over the names of *Mr. Walter H. Evans,* District Attorney, *Mr. John A. Collier* and *Mr. C. W. Robinson,* Deputy District Attorneys, with oral arguments by *Mr. Collier* and *Mr. Robinson.*

Department 2. MR. JUSTICE EAKIN delivered the opinion of the court.

Defendant was indicted for receiving and buying certain stolen property of the value of $166.91, being tin-foil, and the property of a corporation called the American Chicle Company, gum manufacturers. He purchased from the company 12,000 pounds for the

sum of $770, and Joe Bloch, the shipping clerk for the company, by agreement and in collusion with said Adler, delivered to him a large quantity of tin-foil owned by said company and not included in said sale, for which Adler paid him $50. There are no assignments of error, and but one principal error is relied on, that there was no proof offered by the state that the American Chicle Company was a corporation, and therefore that there was no proof of ownership of the property alleged to have been received by the defendant. This was suggested for the first time by motion for a directed verdict.

1. The state on April 22, 1914, filed a motion to dismiss the appeal because appellant has not filed a proper bill of exceptions, and because the brief contains no assignment of error. The transcript was filed December 16, 1913. Rule 23 of this court (56 Or. 623, 117 Pac. xii) provides:

"All motions must be filed within ten days after a party or his counsel obtain knowledge of an alleged failure of the adverse party or his counsel to comply with the requirements of the statute or with the rules of this court."

This motion is too late to raise any question, unless the omission be such as to leave the court without jurisdiction, which might be the case if there were no bill of exceptions; but there is a record here entitled "bill of exceptions," containing the transcript of all the evidence in the case, which is proper and necessary in a bill of exceptions to present the motion for a directed verdict. Therefore the motion must be denied.

2. Upon such bill of exceptions no other questions can be considered. Many attorneys seem to think a copy of the evidence will answer every purpose of a

bill of exceptions, but it will not: See *West* v. *McDonald,* 67 Or. 551 (136 Pac. 650), and cases cited.

3. The defendant first urges as ground for appeal the refusal of the court to direct a verdict of acquittal at the close of plaintiff's testimony because Joe Bloch, the main witness as to the delivery to Adler, was a thief, and that defendant received the stolen goods from him; and, being an accomplice, there was no evidence corroborating him which would tend to connect defendant with the commission of the crime. In a criminal trial a proceeding in the nature of a motion for nonsuit is not recognized under our code, unless the defendant had rested his case.

4. Defendant moved for a directed verdict of acquittal at the close of the evidence, on the ground that the property is charged to belong to the corporation called the American Chicle Company; that there was no evidence that the American Chicle Company was incorporated; and therefore that there was a failure of proof. The evidence of the state upon that point was given by the witness Britton, who testified that he was and, for 16 years had been manager of the American Chicle Company, which was doing business at Fourteenth and Johnson Streets, in Portland, Oregon, manufacturing chewing-gum. Defendant, as a witness for the defense, says that he is a junk-dealer, and has been buying stuff from the American Chicle Company for about 4 years; that he negotiated with Britton at the American Chicle Company's place of business on February 6, 1913, for 12,000 pounds of tin-foil for $770, which he paid to Britton by check. He says that Britton did the figuring on the metal in the American Chicle Company's store. Witness Murphy, a delivery-man, says he delivered the goods (two loads) from the American Chicle Company's store for the defendant;

that he went down there for it at the request of Adler. Joe Simon, a junk-dealer, testified that Adler sent him to the American Chicle Company at Fourteenth and Johnson Streets to get some goods. The parties throughout the trial understood that the goods received by defendant were the goods of the American Chicle Company at Fourteenth and Johnson Streets. It was an oversight on the part of the state in not proving that element of its case, but no one was misled by the omission of this proof. The state did not attempt to prove even a *de facto* corporation, but it does appear that the company had been conducting business in Portland for many years, and that defendant knew and dealt with it for several years. This question was not suggested until the close of the evidence. It is provided in Section 1444, L. O. L., that when a crime involves the commission of, or an attempt to commit, a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or intended to be injured is not material. Here there was no question as to the identity of the act charged or the ownership of the property, and the question is not raised because of wrong done to the defendant on the trial, or that he was misled or in any way prejudiced by reason of want of proof of the articles of incorporation of the owner of the goods.

5. When the ownership of the goods is laid in a corporation, the corporate name must be given, but the fact of incorporation need not be alleged, at least if the name imports incorporation. Incorporation is sufficiently proved by establishing its existence *de facto:* 25 Cyc. 95. When the question arises collaterally, the rightfulness of the existence of the corporation is supported by the general presumption of right acting.

In case of officers publicly acting for the corporation, it is assumed that all steps necessary to enable the corporation to act have been taken.    The state alone has the right to complain if its functions are being usurped. Thus the existence of the charter will be presumed from long existence of the body acting as such: See 10 Cyc. 251.    However, to establish a *de facto* corporation, it is necessary to prove more than user alone; but, by authority of Article VII, Section 3, of the Constitution, this court is of the opinion, after consideration of the record and the evidence submitted at the trial, that the judgment appealed from was such as should have been rendered in the case, notwithstanding any errors committed during the trial.

The judgment is affirmed.          AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.