Submitted on briefs at Pendleton October 28, affirmed November 23, 1920.

## STATE *v.* WILDER.

### (193 Pac. 444.)

**Criminal Law—Voluntary Confession Admissible, Though Accused was not Cautioned.**

1. A confession made while in custody, not induced by threats or promises of immunity, is admissible, though accused was not cautioned that it might be used against him nor advised as to his legal rights.

**Criminal Law—Bad Faith of Prosecuting Officer in Asking Impeaching Question not Presumed.**

2. In the absence of evidence on the subject, bad faith on the part of the prosecuting officer in asking defendant an impeaching question cannot be presumed, though he did not follow this with testimony of an impeaching witness.

**Criminal Law—Court's Attention must be Directed to Failure to Instruct.**

3. Failure of the court to instruct on pertinent matters is not error when the court's attention is not directed thereto.

**Criminal Law—Requested Instruction on Reasonable Doubt Properly Refused Where Covered by Instructions Given.**

4. Requested instruction on reasonable doubt *held* covered by instructions given, so that its refusal was not error.

---

On admissibility of confessions in general, see notes in 6 Am. St. Rep. 242; 19 Am. St. Rep. 814; 73 Am. St. Rep. 943.

The question as to when confession is voluntary is discussed in notes in 18 L. R. A. (N. S.) 771, and 50 L. R. A. (N. S.) 1077.

On whose promises are contemplated by rule excluding confession made under promise of immunity, see note in 7 A. L. R. 419.

Criminal Law—Instruction Assuming Evidence of Good Character
　　Properly Refused.

　　5.　Requested instruction as to consideration of evidence of good
character was properly refused, it assuming there was such evi-
dence, but the transcript of the testimony containing none.　.

From Umatilla: GILBERT W. PHELPS, Judge.

In Banc.·

The defendant was tried upon an indictment
charging him with murder in the second degree for
having killed one Bert W. H. McNease. There was a
trial, resulting in a verdict of guilty, and the defend-
ant was sentenced to be imprisoned in the peniten-
tiary for the term of his natural life, from which
judgment he appeals.　　　　　　　　　　AFFIRMED.

For appellant there was a brief submitted· over
the name of *Messrs. Peterson, Bishop & Clark.*

For the State there was a brief prepared and sub-
mitted over the names of *Mr. George M. Brown,* At-
torney General, *Mr. R. I. Keator,* District Attorney,
and *Mr. Charles Z. Randall,* Deputy District Attor-
ney.

BENSON, J.—1. The assignments of error attack
the correctness of the ruling of the court in admit-
ting, over defendant's objection, the testimony of the
sheriff, T. D. Taylor, and his deputy, J. A. Blakely,
regarding a confession alleged to have been made by
the defendant after being placed under arrest. It
appears from the record that the defendant was ar-
rested and confined in the county jail on the night of
September 18, 1919, and on the morning of Septem-
ber 19th the sheriff had him brought to his private
office, where he began questioning him in regard to
his ownership of a pistol, and during the conversa-

tion the deputy sheriff, Blakely, entered the room and participated in the conversation. When the preliminary questions leading up to this conversation were asked of the sheriff upon the witness-stand, the court sent the jury out, and in their absence proceeded to take testimony as to the circumstances under which the alleged confession had been made. We have examined this evidence with great care, and find, as did the trial court, that there was no coercion used in securing the alleged confession; no threats were employed, nor were there any promises of any character to excite fear or arouse hope. The theory of counsel for defendant as to this evidence is fairly stated in his brief thus:

"He [the sheriff] did not tell the defendant that anything he might say would be used against him in evidence upon the trial if he should be indicted; that he did not inform him that what he might say would be told to the prosecuting attorney; that he did not tell him he need not make any statement unless he wanted to; that he did not tell him that whatever the defendant might say about the matter would be told by the sheriff upon the witness stand at the time of the trial, if defendant should be indicted."

It is also urged that he was not then advised of his right to consult counsel before answering the questions propounded by the sheriff.

The essential element in the admissibility of a confession is that it must be shown to have been made under such circumstances as to be free from fear induced by threats, and not induced by promises or suggestions holding out the hope of immunity. The fact that a confession is made without the accused having been cautioned that it may be used against him does not render the evidence incompetent, unless there is a statute which invalidates a confession

which is obtained when the accused is not so cautioned: 12 Cyc. 463. In this state we have no such statute, and it has been held by this court that a confession is not rendered inadmissible by the fact that accused had not been advised as to his legal rights: *State* v. *Scott,* 63 Or. 444 (128 Pac. 441); *State* v. *McPherson,* 70 Or. 371 (141 Pac. 1018). We are satisfied that the evidence fully justifies the finding of the trial court that the confession of the defendant was voluntary, and was therefore properly admitted in evidence.

2, 3. It is urged that the court erred in overruling defendant's objection to the following impeaching question:

"I will ask you if, on the night of the 17th of September, 1919, after you were brought to the jail and placed in the jail at the courthouse at Pendleton, Oregon, yourself and Orval Sanders, sometimes known as Shorty Sanders, and no other person being present, and while in conversation with Orval Sanders you did not say, 'I killed that man, but I have an eye-witness who is a good friend of mine, and he will clear me,' or words to that effect."

The witness replied that he had made no such statement. Sanders was not called as a witness, and the defendant bases his claim of error upon the fact that the state did not follow its impeaching question with the testimony of an impeaching witness, and that the court failed to instruct the jury to disregard the question and answer. It appears to be the theory of the defendant that the question was asked in bad faith, without any evidence in reserve wherewith to justify it. The record is silent upon the subject, although in his brief the district attorney explains that the witness failed to appear in response to the subpoena in time to be placed upon the witness-

stand. In the absence of evidence upon the subject we cannot presume bad faith upon the part of the prosecuting officer. It may also be observed that the defendant does not appear to have asked for any instruction upon this point, or to have called the attention of the court to the matter at the time of charging the jury. It has always been held by this court that the failure of the court to instruct upon pertinent matters is not error, when the attention of the court is not directed thereto: *Page* v. *Finley,* 8 Or. 45; *Hurst* v. *Burnside,* 12 Or. 520 (8 Pac. 888); *State* v. *Donahue,* 75 Or. 409 (144 Pac. 755, 147 Pac. 548, 5 A. L. R. 1121).

4. The remaining assignments of error challenge the action of the court in refusing certain requested instructions. The first of these reads as follows:

"Gentlemen of the jury, if, from all of the testimony in this case, there is a reasonable doubt in your minds as to whether Bert W. H. McNease was killed by Charles Jones, one of the witnesses in this case, or was killed by the defendant, the defendant would be entitled to the benefit of the said reasonable doubt, and it would be your duty to return a verdict of not guilty."

So far as this requested charge involves a statement of the law, it is directed solely to the subject of reasonable doubt, and an examination of the instructions which were given by the court discloses that this topic was quite fully covered by the court as follows:

"Before you can find the defendant guilty of the crime charged in the indictment, or of any crime included therein, you must find that each material allegation of the indictment and every fact and element necessary to constitute said crime has been proven beyond a reasonable doubt.

"Upon such allegation, fact, or element, if you entertain a reasonable doubt, it is your duty to give the benefit of such doubt to the defendant and acquit him.

"You are instructed that the benefit of any reasonable doubt as to the cause or reason of the killing of the said Bert W. H. McNease should be resolved in the defendant's favor. No man should be convicted of a crime upon mere suspicion or because he may have had an opportunity to commit the crime or simply because he has been accused by a grand jury."

From the foregoing quotations, it is manifest that the court fully covered the subject of reasonable doubt, and the defendant was not entitled to any further instructions upon that point.

Defendant's requested instructions numbered 5 and 8 are in the same class with the one which we have just discussed, and need not be further considered.

5. Defendant's requested instruction numbered 7 relates to the good character of the defendant, and contains the following language:

"Evidence of good character is always an important matter for the consideration of the jury in a case of this kind. This is particularly so in a case involving the consideration of a reasonable doubt. * * If there should be, from all the testimony in this case, an absence of an inducing cause or motive on the part of the defendant to commit the crime charged in the indictment, and a doubt as to who caused the death of the said Bert W. H. McNease, this fact would afford a presumption of the innocence of the defendant."

The foregoing quotation assumes that there was evidence introduced regarding the character of the defendant, but the transcript of the testimony does not contain a particle of such evidence, and the request was properly refused.

The remaining requests, so far as they declare the law, were fully covered by the charge which was given by the court.

Finding no error in the record, the judgment is affirmed.                                     Affirmed.

Brown, J., not sitting.