STATE *v.* HARRELL.

STATE v. ERNEST HARRELL.

(Filed 20 November, 1946.)

**1. Criminal Law § 80b (4)—**

Where an appeal in a criminal case is not docketed within the time allowed, Rules of Practice of the Supreme Court Nos. 5 and 28, the motion of the Attorney-General to dismiss under Rules 17 and 28 will be allowed.

**2. Criminal Law § 71—**

The affidavit for appeal *in forma pauperis* must be made during the trial term or within ten days after the adjournment thereof, G. S., 15-182, in order for the Supreme Court to acquire jurisdiction of the appeal, but in a capital case, the Supreme Court will nevertheless examine the exception or exceptions defendant undertakes to have considered on the appeal.

APPEAL by defendant from *Burgwyn, Special Judge,* at July Term, 1946, of HERTFORD.

The defendant was tried upon a bill of indictment charging him with the murder of Janie Harrell, and was convicted of murder in the first degree. Thereupon, he was sentenced to death by asphyxiation, as provided by law; and from this judgment, he gave notice of appeal to the Supreme Court.

The appeal *in forma pauperis* was docketed in this Court 14 October, 1946, and the appellant's brief was filed the same date.

The Attorney-General moves to dismiss the appeal under Rules 17 and 28.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*W. W. Jones and J. William Copeland for defendant.*

PER CURIAM. This appeal should have been docketed in this Court on or before 10:00 a.m., Tuesday, 3 September, 1946, and appellant's brief filed by noon 7 September, 1946. Rules 5 and 28 of the Rules of Practice in the Supreme Court, 221 N. C., 546 and 562, *et seq. Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126.

We also find that the affidavit upon which the order for appeal *in forma pauperis* is based, was made more than ten days after the adjournment of the term of court at which the defendant was tried. Such affidavit must be made during the term or within ten days of the adjournment thereof, G. S., 15-182, otherwise this Court does not acquire jurisdiction of the appeal, *S. v. Holland,* 211 N. C., 284, 189 S. E., 761; *S. v. Stafford,* 203 N. C., 601, 166 S. E., 734.

Even though we have no jurisdiction to hear this appeal, since the life of the defendant is involved, we have examined the only exception the defendant undertakes to have this Court consider on the appeal. The exception is without merit and would not be sustained if the appeal were properly before us.

The record proper having been docketed in this Court, the judgment of the court below is affirmed and the motion of the Attorney-General is allowed.

Appeal dismissed.