Argued April 11, affirmed June 20, 1962

# STATE OF OREGON *v.* GARDNER

372 P. 2d 783

*Merle A. Long,* Albany, argued the cause and filed a brief for appellant.

*James H. Lewelling,* Albany, argued the cause for respondent. On the brief was Courtney R. Johns, District Attorney, Albany.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY and GOODWIN, Justices.

## McALLISTER, C. J.

The defendant, Donnie Ray Gardner, was convicted in the circuit court for Linn county of the crime of burglary not in a dwelling, and was sentenced to imprisonment in the penitentiary for a term not exceeding three years, from which judgment he appeals.

At the close of the state's case the defendant moved the court for a judgment of acquittal, on the ground that the state had failed "to prove the elements of the crime as set forth in the indictment." The court denied the motion, and the defendant thereafter presented evidence in his defense, and the state then presented evidence in rebuttal. The motion was not re-

newed after the close of all the evidence. The denial of the motion for a judgment of acquittal is assigned as error.

■■ Until 1957 it was the rule in Oregon that the defendant in a criminal case could not move for a judgment of acquittal until he had rested his case. *State v. McCowan,* 203 Or 551, 555, 280 P2d 976 (1955); *State v. Jeannet,* 183 Or 354, 360, 192 P2d 983 (1948); *State v. Reynolds,* 164 Or 446, 479, 100 P2d 593 (1940); *State v. Adler,* 71 Or 70, 73, 142 P 344 (1914).

This rule was changed by the enactment of chapter 576, Oregon laws 1957, now ORS 136.605,① which permits a defendant to move for a judgment of acquittal before the presentation of evidence in his defense, and if the motion is denied, to thereafter put on his case.

However, the statute has not changed the rule that any error of the trial court in denying a motion for judgment of acquittal at the close of the state's case is waived when the defendant thereafter offers testimony in his own behalf. If a defendant elects not to stand on his motion and presents evidence in his defense, the appellate court must consider all the evidence and if it is sufficient to sustain the conviction, the defendant cannot complain that his motion for acquittal made at the close of the state's case was denied. *Dickson v. People,* 82 Colo 233, 259 P 1038 (1927); *Peachee v. State,* 216 Ind 42, 43-44, 22 NE2d 979 (1939); *State v. Wolff,* 173 Iowa 187, 191, 155

---

① ORS 136.605 "In any criminal action the defendant may, before the presentation of evidence in his defense, move the court for a judgment of acquittal. The court shall grant the motion if the evidence introduced theretofore is such as would not support a verdict against the defendant. The acquittal shall be a bar to another prosecution for the same crime. If the court denies the motion, the defendant may thereafter present evidence in his defense."

NW 165 (1915); *State v. Tsiolis*, 202 Minn 117, 123, 277 NW 409 (1938); *State v. Gay*, 251 NC 78, 79, 110 SE2d 458 (1959); *State v. Demag*, 118 Vt 273, 274, 108 A2d 390 (1954); *State v. Bates*, 52 Wash2d 207, 211-12, 324 P2d 810 (1958); *State v. Emmanuel*, 42 Wash2d 799, 810, 259 P2d 845 (1953); *Powell v. United States*, 35 F2d 941, 943 (9th Cir 1929); 23 CJS 401, Criminal Law § 1149; 53 Am Jur 337, Trial § 426.

■ Despite the failure of the defendant to renew his motion for acquittal at the close of the whole case and to assign as error the denial of such motion, we have examined all the evidence and find that it amply supports the judgment of conviction. Not only was the motion for judgment of acquittal properly denied, but a renewal of the motion at the close of the case would have been futile.

■■ In his other assignment of error defendant contends that the trial court should have granted a mistrial on its own motion because the district attorney asked certain impeaching questions of a witness for the defendant, and did not later offer proof that the impeaching statements had been made. In his brief defendant concedes that he did not object to the questions, did not request a cautionary instruction, and did not move for a mistrial. Under the circumstances he is foreclosed from raising the question in this court. See, *State v. Kloss*, 222 Or 237, 239, 352 P2d 732 (1960); *State v. Avent*, 209 Or 181, 183, 302 P2d 549 (1956). In any event, there is no evidence that the district attorney acted in bad faith in asking the questions, and in the absence of such evidence there was no basis for a mistrial. *State v. Wilder*, 98 Or 130, 133, 193 P 444 (1920).

The judgment is affirmed.