Argued September 17, 1969, reversed and remanded
January 29, 1970

STATE OF OREGON, *Respondent, v.*
DAVID HARRINGTON AMORY,
*Appellant.*
464 P. 2d 714.

Robert L. Ackerman, Springfield, argued the cause for appellant. On the brief were Babcock & Ackerman, Springfield.

Michael E. Murphy, Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was John B. Leahy, District Attorney, Eugene.

Before Schwab, Chief Judge, and Langtry, Foley and Fort, Judges.

LANGTRY, J.

Defendant appeals from judgment of conviction under ORS 163.220, rape of a 12-year-old daughter. He assigns as error the 11 to 1 jury verdict, Oregon Constitution, Art I, § 11, which defendant contends violates the United States Constitution's requirement of unanimity. That question, since this case was argued, has been determined adversely to defendant's contentions in State v. Gann, 254 Or 549, 463 P2d 570 (1969).

Other assignments of error are: (1) that the state was allowed to produce, in rebuttal, evidence which should have been allowed only in its case-in-chief, and (2) that irrelevant, prejudicial impeachment questions, to which proper objections and motions for mistrial were directed, were asked in bad faith by the deputy district attorney. The defendant contends that cautionary instructions which were given did not correct the prejudicial effect of these questions.

■ (1) The prosecutrix testified concerning her whereabouts during the 48 hours preceding the rape. One defense was that defendant was elsewhere when the act allegedly occurred, and the whereabouts of the

prosecutrix as well as the defendant became quite material. Several of defendant's witnesses testified that the prosecutrix was at different places than she said she was. On rebuttal, the prosecution produced a new witness whose testimony supported the prosecutrix' testimony. While the testimony of the new witness could have been offered and properly received in the state's case-in-chief, that fact does not make it any the less rebuttal of the defendant's case. There was nothing unfair about the way this testimony was offered.

"This court has recognized that in some circumstances it may be prejudicial error to allow evidence in rebuttal when the evidence should have been part of the state's case-in-chief. [Citations omitted.] The evidence introduced * * * could indeed have been used as a part of the state's case-in-chief. It would have been cumulative, but it was relevant. It does not follow, however, that the same evidence could not also be used in rebuttal when it became material to contradict the defendant's own testimony. Rebuttal testimony should be limited to evidence made necessary by the opponent's evidence. It is within the sound discretion of the trial court to allow in rebuttal testimony which becomes relevant in rebuttal even though it might have been used in the case-in-chief." *State v. Fischer,* 232 Or 558, 563, 376 P2d 418 (1962).

(2) The questions which are the basis of the other assignment of error were asked by Mr. Horton, the deputy district attorney, of the defendant's wife during the state's case-in-chief and her cross-examination when she was called by defendant. It became apparent when she was first on the stand that her testimony would not be helpful to the prosecution. (During the trial it became apparent that she was the principal witness for the defendant, and that this was known

in advance by the prosecution.) On direct examination the prosecutor asked a series of questions about her knowledge of the whereabouts of her 15-year-old son, Sidney, immediately preceding the trial. The tenor of this questioning made it appear that the prosecutor was implying that Mrs. Amory had tried to make her son unavailable as a witness by encouraging him to run away from home, which he had done. She said she did not know his whereabouts. When this first occurred, defendant objected on grounds of relevancy. Mrs. Amory's testimony started in the afternoon and the next morning the prosecutor continued the same line of questioning. The court interrupted, saying, "I assume that you want to show some reason why this man is not here as a witness. You have shown he is not here." To this, the prosecutor answered that he was not representing to the court that the witness was not present. At this point, defendant's counsel moved for a mistrial. Out of the jury's presence, the court discovered that the prosecutor, unknown to Mrs. Amory, the court or defendant's counsel, had had the boy under subpoena and in his office during the questioning of Mrs. Amory. The court denied the motion for mistrial, but made the following observations:

THE COURT: "I have stopped the line of inquiry here. There has been the objection. Conceivably, counsel may have been misled that I permitted some inquiry yesterday feeling that the district attorney has a right to show that a witness that might otherwise be expected to be here was unavailable or at least that some effort had been made to find some explanations, but long before we recessed last night I thought that it had gone beyond what was really permissible * * * and I finally felt constrained to say something about it this morning, but Mr. Horton, I think, that you

have skirted very close to a mistrial in this case, and I mean within the last five minutes. You have attempted to show what I assume are prior inconsistent statements by your own witness, which is not proper, and I do think that the line of questioning that you have pursued is designed to convince the jury that this witness whom you called is not telling the truth here, and that she has somehow conspired with another witness who has some facts in this case to absent himself from the court, all of which in my opinion could be improper and could be very prejudicial."

After the prosecution rested, Mrs. Amory was called as a defense witness. On cross-examination, she was asked whether she had warned her child, the prosecutrix, that her father had a bad heart and might not survive a trial and asked her not to testify against him. A similar question had been asked of the son, Sidney, and the prosecutor had commenced and abandoned a similar line of questioning when he had Mrs. Amory on the stand as a prosecution witness. Objection was made on grounds of relevancy and it was overruled. In each instance Mrs. Amory denied having made such statements. The state offered no evidence, in its rebuttal case, in support of this line of questioning, although it had the prosecutrix and her brother available as witnesses.

Before argument, defendant's counsel again moved for a mistrial, primarily on the ground that all of the questioning outlined above was in bad faith and prejudicial. In making this motion, he noted that he had submitted cautionary instructions on these points because he felt he was required to do so by the opinions in *State v. Gardner,* 231 Or 193, 372 P2d 783 (1962), and *State v. Wilder,* 98 Or 130, 193 P 444 (1920). He made it clear that he was not waiving his motion for

mistrial by submitting the cautionary instructions. In ruling upon this motion, the court stated:

"* * * [W]e have skirted close to the necessity for a mistrial, far closer than I like to, and I trust that I will not again try a case that comes, that involves at least these problems. * * * There have been other things in this trial that have disturbed me. There has been the asking of questions that I think counsel must have realized would elicit an answer based on hearsay that would be stricken, but after the answer was given, and I would not again take quite as charitable view of it as I have taken in this trial * * *. In short, I think if the district attorney had gotten into evidence what he tried to get into evidence, this would be a record that could never stand, and I think that we have protected it adequately, and therefore, the motion is denied."

The court then gave the cautionary instructions.

The prosecutor obviously anticipated that Mrs. Amory would be called as a defense witness and that her testimony would be adverse to the prosecution. He sought to attack her credibility in advance by calling her as his own witness. In doing so he violated the prohibition against impeaching his own witness. ORS 45.590. We believe the defendant had a bona fide complaint concerning this tactic, and reason to question the good faith of the prosecutor, who did not reveal he had Mrs. Amory's son in his office at the very time he was trying to get her to admit she was hiding him in order to prevent his testimony. This appears to have been a studied attempt to prejudice the defendant, but perhaps not enough in itself to justify a new trial. See *State v. Nichols,* 236 Or 521, 536, 388 P2d 739 (1963).

■ Mrs. Amory was questioned about the prosecu-

tion's apparent belief that she attempted to prevent her children from testifying. Although this was done without producing any rebuttal testimony to support these questions, it was not, by itself, reason to grant a new trial. As the state's brief points out, there are situations where such a tactic is not classed as error. In the context of this case we think it was an unfair tactic. Coupled with the other tactics used, the good faith of the prosecutor was questionable. See *State v. Gardner,* supra, 231 Or at 196, and *State v. Wilder,* supra, 98 Or at 133-34. We think these tactics prevented the defendant from having a fair trial.

In *State v. Nichols,* supra, the Oregon Supreme Court adhered to the rule that it is largely discretionary with the trial court to determine whether sufficient prejudice arises from such tactics to justify ordering a new trial. However, in *State v. Flett,* 234 Or 124, 127, 380 P2d 634, 94ALR2d 1082 (1963), and *State v. Kristich,* 226 Or 240, 359 P2d 1106 (1961), where prejudicial evidence had been received, its relevancy was weighed against its prejudicial effect. The question asked in *Kristich* applies:

"* * * Will this evidence influence the jury out of all proportion to its logical tendency to prove the fact in issue?" 226 Or at 245.

We think the answer to the question in this case is in the affirmative.

"* * * A person charged with crime must be tried on the basis of proper evidence presented by the rules known to every law school graduate * * *." *State v. Rollo,* 221 Or 428, 438, 351 P2d 422 (1960).

One or the other of the occurrences complained about in this case would not be sufficiently prejudicial for this court to disturb the ruling of the trial

judge. This is particularly so where, as was done here, a cautionary instruction is given to the jury. However, when the unfair tactics which were used are weighed together, we conclude that there is a probability that the cautionary instructions were not sufficient to overcome the prejudice. See discussions in the opinion of the court and Mr. Justice Stewart's concurring opinion in *Bruton v. United States,* 391 US 123, 88 S Ct 1620, 20 L Ed 2d 476 (1968), and *Krulewitch v. United States,* 336 US 440, 69 S Ct 716, 93 L Ed 790 (1949).

As did the Oregon Supreme Court in *State v. Bonner,* 241 Or 404, 408, 406 P2d 160 (1965), we hold that:

"By themselves, none of the above errors might be considered prejudicial. However, it is impossible to say that all * * * together were not. The case must be reversed and remanded for retrial."

Reversed and remanded for a new trial.