468

THE STATE OF WASHINGTON, *Respondent*, v. JAMES ARTHUR HUSTON, *Appellant.*

*Richard L. Cease* of *Spokane County Public Defender,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Fred J. Caruso, Deputy,* for respondent.

MUNSON, J.—Appellant, James Arthur Huston, appeals from an order denying post-conviction relief, CrR 7.7, in which he sought a new trial, or in the alternative, reinstatement of his appeal. We affirm.

On July 27, 1973, the appellant was convicted of armed robbery; a presentence investigation was ordered. On September 10, 1973, having been informed by his attorney of his right to appeal, but before return of the presentence report, appellant signed a waiver of his right to appeal;[1]

_____

[1]"I hereby acknowledge that I have been advised by my attorney, Byron G. Powell, that I have a right to appeal; that notice of appeal

this waiver was filed a month later. He was sentenced September 25 and again informed of his right to appeal pursuant to CrR 7.1(b) and CAROA 46(a). On October 10, 1973, he filed a signed waiver[2] of his right to remain in the county jail for a period of 30 days. (RCW 36.63.255) This document stated in part: "I have been advised that I have the right to appeal the verdict of the jury and I am going to exercise that right." No notice of appeal was ever filed, nor is there any inference or assertion that appellant asked the county clerk to file a notice of appeal on his behalf.

Ultimately, appellant was transferred to the state penitentiary. A motion filed in the Spokane County Superior Court to reinstate his appeal was denied; no appeal was taken therefrom. Subsequently, he filed a petition for writ of habeas corpus in the Supreme Court; that petition was remanded to this court to be considered as a CrR 7.7 post-conviction petition or as habeas corpus. *Holt v. Morris,* 84 Wn.2d 841, 529 P.2d 1081 (1974), overruled in part by *Wright v. Morris,* 85 Wn.2d 899, 540 P.2d 893 (1975). This court ordered remand to the Superior Court for hearing pursuant to CrR 7.7(b); the court, after hearing, denied appellant's requested relief.

CrR 7.7 was adopted to provide a systematic post-conviction procedure in keeping with "changes in criteria govern-

must be filed within 30 days after the judgment herein; that I will be appointed an attorney to represent me on appeal, and that costs will be paid if I am unable to pay them.

"I hereby waive my right to appeal my conviction on Armed Robbery.

"Dated this *10th* day of September, 1973.

"/s/ James Arthur Huston"

[2]"I am the defendant in the above-entitled matter; I have been advised that I have the right to appeal the verdict of the jury and I am going to exercise that right; consequently, having made the decision to appeal from the verdict of the jury, I am now ready and willing to be transported from the Spokane County-City Detention Facility and to any institution selected by competent authority while I wait out the results of my appeal. In lieu of the long period of time that my appeal may take, I feel this is the best decision I can make at this time.

"Dated at Spokane, Washington this *10th* day of October, 1973.

"/s/ James Arthur Huston"

ing criminal prosecutions wrought by the United States Supreme Court." *See Washington Proposed Rules of Criminal Procedure*, Comment to Rule 7.7, at 134 (1971); approved draft of ABA Standards Relating to Post-Conviction Remedies §§ 2.1, 6.1, 6.2 (1968). The only category into which appellant's claim falls is CrR 7.7(g)(3), which states: "that material facts exist not theretofore presented and heard, which require vacation of the conviction, sentence or other order in the interest of justice; . . ."

Appellant sought reinstatement of his appeal because of alleged undue influence which had caused him to waive that right. Examples of occasions where such a request has been granted are: *Fay v. Noia*, 372 U.S. 391, 9 L. Ed. 2d 837, 83 S. Ct. 822 (1963) (facts did not support an intelligent and understanding waiver of right to appeal); *Griffin v. Illinois*, 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585 (1956) (state denial of stenographic transcript of proceedings to an indigent); *Dowd v. United States ex rel. Cook*, 340 U.S. 206, 95 L. Ed. 215, 71 S. Ct. 262, 19 A.L.R.2d 784 (1951) (state official frustrated appellant's attempt to appeal); *State v. Harrell*, 226 N.C. 743, 40 S.E.2d 205 (1946) (although untimely, would review when death sentence imposed); *State v. Bednarik*, 101 Ohio App. 339, 123 N.E.2d 31 (1954) (to deny would perpetrate a gross miscarriage of justice); *Commonwealth ex rel. Light v. Cavell*, 422 Pa. 215, 220 A.2d 883 (1966) (facts did not support defendant's waiver of right to appeal).

Unlike those cases, the facts here establish an intelligent, knowing, and voluntary relinquishment by the appellant of his right to appeal. After entry of the verdict, appellant came in contact with a private agency, Spokane Family House, Inc. Their representatives informed him they would attempt to help him with his drug-related problems on the condition that he waive his right to appeal. At the time of the commission of this offense, appellant was on parole; the jury verdict placed him in the status of a parole violator. Thus, appellant had an added incentive when he agreed to the condition and signed the written waiver of his right to

appeal dated September 10. A program was suggested by Spokane Family House, Inc., in the event appellant was given probation. The court did not grant appellant's probation.

Following sentence, the appellant again came in contact with representatives of Spokane Family House, Inc., who reaffirmed their support in having the appellant participate in their program. Their representatives informed him that they would attempt to intervene on his behalf before the Board of Prison Terms and Parole in order to have him released either to their Spokane or Seattle program.

The court at the remand hearing found that the appellant had gambled on the persuasive capabilities of Spokane Family House, Inc., to obtain either his release on probation or early parole after having been fully advised of his right to appeal. The written waiver of September 10 is without legal efficacy; nevertheless, the appellant was fully informed by his counsel before sentencing, and by the court at the time of sentencing, of his right to appeal. His failure to avail himself of that right was voluntary and intentional, with full knowledge of the availability of that right.

That portion of the written waiver to remain in the county jail, which provided in part that he intended to appeal, was repudiated by the appellant's testimony at the remand hearing. Neither his counsel, a representative of any governmental unit, nor the court influenced the appellant in his decision not to appeal his conviction. The request for reinstatement was properly denied.

Two of the claimed errors for which appellant seeks post-conviction relief in the form of a new trial are the utilization of irreparable misidentification procedures and inconsistent answers by the jury to special interrogatories. These matters were "presented and heard" at the time of trial and on appellant's motion for a new trial. In that context, they are not within the scope of a post-conviction

proceeding as defined by CrR 7.7(g)(3), nor do they raise grave constitutional errors.[3]

Lastly is a contention that the prosecuting attorney wrongfully withheld exculpatory evidence. This alleged evidence concerned the color of the appellant's pants at the time of his apprehension. The trial court found that not only had there been no intentional withholding of this evidence, but that that matter was within the realm of the appellant's personal knowledge. We agree; there is no merit to this contention.

We find that the appellant's contentions do not raise grave constitutional errors, nor does the evidence even imply a gross miscarriage of justice has occurred; those matters which could have been raised by appeal were not so presented because of the appellant's voluntary, intentional, and intelligent waiver of his right to appeal.

Judgment is affirmed.

McINTURFF, C.J., and GREEN, J., concur.

Petition for rehearing denied June 23, 1976.

Review denied by Supreme Court November 12, 1976.

---

[3]Notwithstanding this holding, and in the event we misinterpret the Supreme Court's intent when it adopted this rule (*cf. Holt v. Morris, supra,* as reviewed and overruled in part in *Wright v. Morris, supra,* and *State v. Rolax,* 84 Wn.2d 836, 529 P.2d 1078 (1974)), we concur with the trial court in finding that these allegations are without substance.