STATE OF NORTH CAROLINA v. KENNETH EUGENE ROSS

No. 769SC458

(Filed 3 November 1976)

1. Assault and Battery § 5— gun — deadly weapon per se

A gun is a deadly weapon *per se,* and whether or not the gun is loaded is immaterial.

2. Infants § 10— committed youthful offender — no fixed term of imprisonment

Judgment of the trial court providing that defendant be imprisoned for the term of one year "in the custody of the Secretary of Corrections as a committed youthful offender under Article 3A, Chapter 148 of the North Carolina General Statutes" did not amount to a sentence to a fixed term when defendant was a "committed youthful offender"; rather, since the judgment indicated that it was being entered pursuant to Article 3A, Chapter 148 of the General Statutes, the options of conditional release and unconditional discharge by the parole commission were adequately provided for.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 1 March 1976 in Superior Court, VANCE County. Heard in the Court of Appeals 14 October 1976.

Defendant was charged in separate warrants with assaults with a deadly weapon, a shotgun, on Joseph Hale and Michael Coghill. In district court he pled not guilty, was found guilty in both cases and from judgments imposing prison sentences, he appealed to superior court.

At his trial in superior court, where defendant again pled not guilty, the State presented evidence tending to show: On the night of 26 November 1975 Hale and Coghill were operators of an ambulance which responded to a call from the home of defendant's parents. On arriving there they found defendant's mother sitting at the kitchen table with a severe cut to her right inner elbow. While Hale and Coghill were bandaging the mother's arm, defendant and his father, who were also in the kitchen, were fighting. Defendant obtained a shotgun, pointed it at his father and at Hale and Coghill and made threats directed at Hale. After bandaging the mother's arm, Hale and Coghill removed Mrs. Ross to the ambulance and carried her to the hospital.

Defendant presented no evidence. The jury found him not guilty of assaulting Coghill but guilty of assault with a deadly

weapon on Hale. From judgment imposing prison sentence of one year as a committed youthful offender, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Jerry B. Fruitt, for the State.*

*Zollicoffer & Zollicoffer, by John H. Zollicoffer, Jr., for defendant appellant.*

BRITT, Judge.

While defendant argues eleven assignments of error we find only two that we think warrant discussion.

[1]  First, he assigns as error the trial court's jury instruction that a shotgun is a deadly weapon. We find no merit in the assignment.

Defendant argues that no evidence was presented tending to show that the shotgun which he allegedly pointed at Hale was loaded and that a gun is not a deadly weapon *per se* unless it is loaded. This argument is not persuasive. Over a period of many years, the appellate courts of this State have held that a gun or pistol is a deadly weapon *per se* and defendant does not cite, and our research has not revealed, any case which supports defendant's argument.

In *State v. Atkinson*, 141 N.C. 734, 53 S.E. 228 (1906), the defendant was tried on an indictment charging him with assault with a deadly weapon, a pistol. The trial court charged the jury that if the State had satisfied them beyond a reasonable doubt that the defendant pointed a pistol at the prosecuting witness, whether the pistol was loaded or not, it would be an assault and to find the defendant guilty. The Supreme Court found no error in the instruction.

In *State v. Smith*, 187 N.C. 469, 121 S.E. 737 (1924), in an opinion by Justice (later Chief Justice) Stacy, the court stated that a pistol or a gun is a deadly weapon and did not limit the statement to a loaded gun or pistol.

In *State v. Powell*, 238 N.C. 527, 531, 78 S.E. 2d 248, 251 (1953), opinion by Justice (later Chief Justice) Parker, the court declared without qualification that "[a] pistol is a deadly weapon *per se.*"

In *State v. Reives,* 29 N.C. App. 11, 222 S.E. 2d 727, *cert. denied,* 289 N.C. 728 (1976), this court declared without qualification that a pistol is a deadly weapon *per se.*

We hold that the trial court did not err in giving the challenged instructions.

[2]  Defendant assigns as error the judgment entered by the trial court. He contends that the court erred in sentencing him to a fixed term when he was a "committed youthful offender." We find no merit in this assignment.

The judgment provides that defendant be imprisoned for the term of one year "in the custody of the Secretary of Corrections as a committed youthful offender under Article 3A Chapter 148 of the North Carolina General Statutes." While the judgment does not utilize the word "maximum" or the words "not more than," we think it is clear that one year is the longest period of time that defendant can be incarcerated pursuant to the judgment. By indicating that it is being entered pursuant to Article 3A, Chapter 148 of the General Statutes, the options of conditional release and unconditional discharge by the parole commission are adequately provided for.

Although we do not discuss them here, we have carefully considered the other assignments of error brought forward and argued in defendant's brief and find that they too are without merit. We conclude that he received a fair trial, free from prejudical error, and that a valid judgment was imposed.

No error.

Judges PARKER and CLARK concur.