718

552 P.2d 226

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Floyd NELSON, Defendant-Respondent.**

No. 12131.

Supreme Court of Idaho.

July 19, 1976.

Wayne L. Kidwell, Atty. Gen., Gordon S. Nielson, Sr. Deputy Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-appellant.

Kent B. Power, Boise, for defendant-respondent.

PER CURIAM.

The defendant-respondent Floyd Nelson was arrested and charged with burglary in the first degree. At his trial the state relied primarily upon the testimony of his two alleged accomplices who had already pleaded guilty to the burglary. To obtain a conviction based upon the testimony of the accomplices, it was necessary for the state to introduce independent evidence which would corroborate their testimony. The state sought to provide this corroborative evidence through the testimony of Ellen Thompson, the accomplices' mother. The respondent objected to the admission of her testimony on the ground that her name was not endorsed upon the information as required by I.C. § 19–1302. The trial court sustained the objection and the action against the respondent was dismissed due to the lack of independent corroborative evidence. The state has appealed pursuant to I.C. § 19–2804 alleging that it was error to exclude the witness' testimony merely because her name was not endorsed upon the information.

The issue presented by this appeal was decided by this Court in *State v. Goodrick*, 95 Idaho 773, 519 P.2d 958 (1974). Rule 16(a)(1)(vi) of the Idaho Criminal Rules provides for the discovery by the defendant of the names and addresses of all persons having knowlege of the relevant facts who may be called by the state as witnesses. This is essentially the purpose of the endorsement requirement of I.C. § 19–1302. *State v. Fisk*, 92 Idaho 675, 448 P.2d 768 (1968); *State v. Fedder*, 76 Idaho 535, 285 P.2d 802 (1955). The record indicates that there was some discovery in the present case, but the extent and nature thereof is not disclosed. It also indicates that the state did not learn of the witness' information until the day of the trial. In objecting to the admission of the testimony, the respondent did not allege that he would be prejudiced by its admission, nor did he seek a continuance so he could prepare to meet it. Under these circumstances it was error to prohibit the witness from testifying.