590 P.2d 1014

STATE of Idaho, Plaintiff-Respondent,

v.

Stephen Jon KINGSLEY,
Defendant-Appellant.

No. 12753.

Supreme Court of Idaho.

Feb. 21, 1979.

Klaus Wiebe, Public Defender, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BEEBE, Justice Pro Tem.

On May 19, 1976, upon appellant's plea of guilty to first degree burglary, District Judge W. E. Smith imposed a sentence of an indeterminate period of not to exceed five years to the custody of the State Board of Correction, retaining jurisdiction of the court for one hundred and twenty days. Appellant was incarcerated and evaluated at the penitentiary during the retained jurisdiction. The court, in September, 1976, exercised its retained jurisdiction, entering a probation order, which suspended execution of the sentence subject to continued compliance with the conditions of probation.

Appellant, in early February, 1977, committed and thereafter entered pleas of guilty to two felonies of receiving stolen property. The maximum sentence provided for such crime is five years. He was charged with and admitted probation violation for the commission of one of the crimes. District Judge Smith presided in all three matters. Revocation of the order of probation and sentence suspension in the burglary case was ordered and appellant was remanded to custody of the State Board of Correction for the remainder of the previously imposed indeterminate sentence of not to exceed five years. In one receiving stolen property case, an indeterminate sentence of not to exceed five years was imposed, to run concurrently with the burglary sentence; in the other receiving stolen property case, an indeterminate sentence of not to exceed five years was imposed, to run consecutively to the other two

sentences. The court ordered credit to be given on the current sentences for time already spent in incarceration by reason thereof.

Appellant contends the consecutive aspect of the one sentence is unreasonably harsh and excessive, constituting an abuse of discretion by the sentencing judge.

■■■ Sentencing is a matter committed to the discretion of the trial judge. Reasonableness is a fundamental requirement in the exercise of sentencing discretion. *State v. Ogata*, 95 Idaho 309, 508 P.2d 141 (1973); *State v. Kauffman*, 94 Idaho 20, 480 P.2d 614 (1971).

This Court has the power and duty to review. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978).

■■■ Appellant's arguments are directed to: his youth, what he describes as his single prior adult felony conviction, his contention that the record discloses a good rehabilitation potential, and the adverse effect on rehabilitation of a potentially lengthy incarceration. Appellant characterizes this length as nearly ten years and derives this by adding the five-year maximums of one of the prior sentences and the consecutive sentence. Appellant argues that the consecutive sentence will operate to keep him in a penal institution for such a protracted duration that it will only serve to compound and accelerate his reactions against the norms of society and destroy any chance he has to make any positive effort toward rehabilitation, the latter already having been reduced in its avenues of exercise because of institutional confinement.

Appellant was age 19 at the time of the three commitments. He had spent two-thirds of his adult life in confinement for crime. The burglary conviction was his first. He has a lengthy juvenile record of criminally proscribed conduct, dating from 1971 through 1975. The conduct included larceny, burglary, and forgery. Three lengthy confinements in the juvenile facility at St. Anthony, Idaho, were involved, the last from September, 1973, until discharge in December, 1975. Assaultive conduct was involved. Several runaway incidents occurred during juvenile confinement. He attained 18 years on December 31, 1975, and commenced his known adult criminal activities with the burglary involved in one of the sentences eleven days later.

Psychiatric, psychological, and presentence reports were ordered and presented to the sentencing judge prior to the sentencing. The psychiatric and psychological reports diagnose appellant as having a sociopathic personality disorder. The psychological report evaluates the appellant as intellectually above average, indicates he might profit from psychotherapy, and warns of possible future destructive assaultive conduct. The psychiatrist reports a definite possibility that stress may cause a decomposition to a paranoid schizophrenic reaction and further opines that medicine will effectively treat any such reaction.

Appellant's contentions bring relevant portions of Idaho's felony criminal justice system into scope.

An indeterminate sentence is one wherein the court sets the maximum time of such sentence, and the State Board of Correction determines the actual term of the sentence. The board controls correctional facilities and has the power of parole. The State Commission of Pardons and Paroles is vested with the power of commutation and pardon and may exercise parole powers delegated to it by the board. The statutory scheme creating such board and commission vested with such powers envisions the use of expertise and experience in this area of penology. *See* I.C. § 20–210.

Other than where legislative restrictions as to parole or other release of a committed offender have been placed on the board or commission involving certain specified crimes (I.C. § 20–223), the sentencing judge, using an indeterminate sentence with its maximum to be set by the judge, is basically viewing such maximum as being the longest period reasonably expected to be required to accomplish rehabilitation.

It is true, as argued by appellant, that the possible incarceration of appellant could proximate ten years. The determination of the length of the sentences involved at less than their maximum, or any subsequent commutation or parole, would result in a return of the appellant into society in a lesser time. It could be a relatively short time.

It is into that framework the appellant has been so committed. In pronouncing judgment, Judge Smith expressed a purpose of imposing judgments under the indeterminate sentence law which would accord to the Idaho State Board of Correction custody of the appellant for a sufficient time to accomplish the hoped for rehabilitation of appellant and to bring to the appellant the realization and final determination that a life of crime is the wrong way to live.

The facts of this case demonstrate that the trial court did not abuse its discretion.

Judgment affirmed.

SHEPARD, C. J., DONALDSON and BISTLINE, JJ., and PRATHER, J. Pro Tem., concur.