647 P.2d 734
STATE of Idaho, Plaintiff-Respondent,

v.

Ronald T. OLSEN, Defendant-Appellant.

No. 13551.

Supreme Court of Idaho.

June 23, 1982.

Dean J. Miller of Gigray, Miller, Downen & Weston, Caldwell, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Lance D. Churchill, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BAKES, Chief Justice.

Defendant appeals from his conviction on two counts of assault with a deadly weapon and from his determinate fifteen year sentence.

The events prior to the incident which gives rise to this prosecution are virtually undisputed. The defendant, Ronald T. Olsen, who apparently had been drinking heavily during the afternoon and evening hours of May 1, 1979, received a citation for driving while under the influence of alcohol. After receiving the citation, the defendant went inside the house he shared with his mother and, according to his mother's testimony, consumed two Valium capsules and went to bed. He arose a few hours later, at approximately 4:00 a.m. on May 2, 1979, dressed, and for some reason picked up his shotgun. Defendant's mother became alarmed at his behavior and left the house to summon the police. Defendant apparently retrieved his .22 caliber rifle from under his mother's bed after she left. Two police officers accompanied the defendant's mother to the rear door of the house where they were able to observe the defendant sitting on a couch with a .22 rifle in his lap. As the officers and the defendant's mother entered the house, the defendant raised the rifle and began firing in their direction. Defendant fired some sixteen rounds before he was hit in the hand by the officers' returned fire, ending the volley. He was then disarmed and transported to the Caldwell Memorial Hospital for medical attention.

After a preliminary hearing, an information was filed in the district court charging defendant with two felony counts of assault with intent to commit murder, I.C. § 18–4015, and with committing a felony while in possession of a firearm, I.C. § 19–2520. Following a two day trial at which the primary issue was defendant's state of mind during the shooting, the jury found the defendant guilty on two counts of the lesser included offense of assault with a deadly weapon, I.C. § 18–906. The jury also found, by way of supplemental verdict, that the defendant used a firearm in the perpetration of each offense. On November 16, 1979, the defendant was sentenced to two determinate five year terms, each consecutive to the other. Pursuant to I.C. § 19–2520, the court imposed an additional five year sentence to be served consecutively, for a total determinate sentence of fifteen years.

Defendant appeals from both convictions, arguing that the trial court erred in admitting the testimony of a witness on rebuttal. Defendant also challenges the trial court's jury instruction regarding lesser included offenses and alleges error in the court's refusal to give certain instructions requested by the defendant. Finally, the defendant appeals the length of the sentence imposed. We will address the issues in that order.

I

The primary issue on appeal concerns the admissibility of the testimony given by the state's rebuttal witness. The defendant attacks the trial court's admission of testimony given by Mr. Bruce Reeder on two grounds: first, that the trial court abused its discretion in admitting, in rebuttal, testimony that would have been admissible in the case in chief; and, second, that the prosecution's failure to disclose the identity of the rebuttal witness deprived the defendant of a fair trial.

Rebuttal evidence is evidence which explains, repels, counteracts or disproves evidence which has been introduced by or on behalf of the adverse party. *State v. Gish*, 87 Idaho 341, 393 P.2d 342 (1964); *State v. Mundell*, 66 Idaho 339, 158 P.2d 799 (1945); *State v. Martinez*, 43 Idaho 180, 250 P. 239 (1926). In his case, the defendant presented evidence that he was highly intoxicated at the time he fired the shots in the direction of the police officers and testified that he did not intend to shoot at the police officers. Upon completion of the defendant's case, the state called Mr. Reeder to the stand. Mr. Reeder's name was neither endorsed upon the information nor included in the state's response to the defendant's order for discovery and inspection. The defendant objected to the admission of his testimony, and the state made an offer of proof outside the presence of the jury. After hearing the offer of proof, the trial court permitted Mr. Reeder to testify, but

limited his testimony to areas it considered rebuttal in nature, i.e., the defendant's statements relative to intent and the defendant's level of intoxication, and admitted the testimony over the defendant's objections.

Mr. Reeder then testified: that he was an emergency medical technician in the city of Parma, Idaho; that he had responded on the ambulance call to the defendant's residence on the morning of the shooting; and that en route to the hospital, the defendant made statements "to the effect that [he] had the officer in his sights, but the officer moved." Mr. Reeder further testified that while defendant's speech was somewhat slurred, in his opinion the defendant was only moderately intoxicated at the time. Thus, Mr. Reeder's testimony was limited to that which tended to repel, counteract or disprove evidence presented by the defendant.

■ The defendant asserts that since the evidence presented by Mr. Reeder would have been admissible in the state's main case, the trial court abused its discretion by admitting it during the state's rebuttal. However, the fact that evidence may be admissible in the case in chief does not make it any less rebuttal. The rule that the admission, in rebuttal, of evidence which would have been properly admissible in the case in chief rests within the sound discretion of the trial judge is widely recognized. See, e.g., Goldsby v. United States, 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343 (1895); United States v. Marsh, 451 F.2d 219 (9th Cir. 1971); Rodella v. United States, 286 F.2d 306 (9th Cir. 1960); Moore v. People, 171 Colo. 338, 467 P.2d 50 (1970); State v. Phipps, 224 Kan. 158, 578 P.2d 709 (1978); Wise v. State, 92 Nev. 181, 547 P.2d 314 (1978); State v. Fischer, 232 Or. 558, 376 P.2d 418 (1962); State v. Amory, 1 Or.App. 496, 464 P.2d 714 (1970). But see People v. Thompson, 27 Cal.3d 303, 165 Cal. Rptr. 289, 611 P.2d 883 (1980); People v. Carter, 48 Cal.2d 737, 312 P.2d 665 (1957).

■ Similarly, this Court affords the trial court broad discretion in its decisions regarding the admission of evidence in rebuttal. State v. Gish, 87 Idaho 341, 393 P.2d 342 (1964); State v. Orr, 53 Idaho 452, 24 P.2d 679 (1933). Even where evidence admitted in rebuttal is not strictly rebuttal in nature, its admission or exclusion rests in the sound discretion of the trial court, provided that the party against whom such evidence is admitted has the opportunity to meet the evidence. State v. Hewitt, 73 Idaho 452, 254 P.2d 677 (1953); State v. Orr, 53 Idaho 452, 24 P.2d 679 (1933); State v. Mushrow, 32 Idaho 562, 185 P. 1075 (1919).

■ Thus, the question on review is whether the trial court abused its discretion by denying the defendant a fair opportunity to meet the testimony of Mr. Reeder. The defendant alleges that he was deprived of any opportunity in which to prepare a cross examination and that his expert witness had already been excused. At trial, however, he did not seek a continuance to enable him to better meet such evidence, nor did he specifically claim that he would be prejudiced by the admission of the testimony. Finally, the defendant waived any surrebuttal which he may have conducted in an effort to refute the testimony of Mr. Reeder. Our review of the record discloses that defendant had a fair opportunity to impeach or contradict Mr. Reeder's testimony.

II

The defendant appellant also complains that the state's failure to disclose Mr. Reeder's identity prior to his testifying denied defendant a fair trial. The state learned of the presence of Mr. Reeder on the evening after the first day of the two day trial. The prosecution did not complete its case in chief until approximately 1:30 p.m. on the second day of trial, and it did not offer Mr. Reeder's testimony in its case in chief, but only in rebuttal.

■ The state has a constitutional duty to disclose to a criminal defendant exculpatory evidence material to the preparation of his case. United States Const. amend. XIV; Idaho Const. art. 1, § 13; State v. Owens, 101 Idaho 632, 619 P.2d 787 (1979); State v.

*McCoy*, 100 Idaho 753, 605 P.2d 517 (1980); *State v. Smoot*, 99 Idaho 855, 590 P.2d 1001 (1978): *see United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). A defendant's constitutional right to discovery, however, extends only to evidence which is exculpatory or favorable to the defendant and which would be material to his guilt or punishment. *State v. Horn*, 101 Idaho 192, 610 P.2d 551 (1980); *see Moore v. Illinois*, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1970).

■ In arguing that he was constitutionally denied a fair trial, the defendant fails to distinguish between exculpatory and inculpatory evidence. Defendant does not claim that Reeder's testimony was exculpatory; indeed, the record indicates that Mr. Reeder's testimony was, in its entirety, inculpatory and consistent with the state's main case. Since the defendant's constitutional right to disclosure does not extend to any and all information which may assist him in preparing for trial, but only to evidence which is exculpatory in nature, defendant cannot here complain that he was denied his constitutional right to discover Mr. Reeder's identity. *See State v. Horn, supra.*

■ Defendant additionally argues that the state has a statutory duty to disclose witnesses who are known to the prosecution prior to the close of the state's case in chief and whose testimony is admissible during the state's case in chief, regardless of whether they are introduced in the state's main case or in rebuttal. I.C. § 19–1302 requires the prosecuting attorney to endorse on the information the names of all witnesses known to him at the time of filing the information. The purpose of the endorsement requirement in I.C. § 19–1302 is essentially the same as the purpose of I.C.R. 16(a)(vi), *i.e.*, discovery by the defendant of the names of all persons having knowledge of relevant facts who may be called by the state as witnesses. *See State v. Smoot*, 99 Idaho 855, 859, 590 P.2d 1001, 1005 (1978); *State v. Nelson*, 97 Idaho 718, 552 P.2d 226 (1976). However, I.C. § 19–1302 specifically excludes rebuttal witnesses from the endorsement requirement with the following proviso: "Provided, however, that the witnesses called by the state in rebuttal need not be endorsed upon the information."

■ As discussed above, Mr. Reeder's testimony rebutted evidence offered by the defendant. The state was under no statutory duty to disclose his identity, and the failure to do so did not prejudice defendant's right to a fair trial.

Defendant appellant also relies on Rule of Criminal Practice & Procedure (I.C.R.) 16(d), in effect at the time of the trial of this action, as imposing a duty of continuing discovery upon the state.[1] *See Schwartzmiller v. Winters*, 99 Idaho 18, 576 P.2d 1052 (1978). Defendant alleges that the state's failure to disclose Mr. Reeder prior to his taking the stand violated this duty.

■ A delayed disclosure by the prosecution is not *per se* reversible error. *State v. Smoot*, 99 Idaho 855, 590 P.2d 1001 (1978); *United States v. Kaplan*, 554 F.2d 577 (3d Cir. 1977); *United States v. Diaz Rodriguez*, 478 F.2d 1005 (9th Cir. 1973), *cert. dismissed* 412 U.S. 464, 93 S.Ct. 3024, 37 L.Ed.2d 1013 (1973). Where the question is one of late disclosure rather than failure to disclose, the inquiry on appeal is whether the lateness of the disclosure so prejudiced the defendant's preparation or presentation of his defense that he was prevented from receiving his constitutionally guaranteed fair trial. *State v. Smoot*, 99 Idaho 855, 858, 590 P.2d 1001, 1004 (1978); *United*

---

1. I.C.R. 16(d) provides in part:
"CONTINUING DUTY TO DISCLOSE. If subsequent to compliance with an order issued pursuant to this rule, and prior to or during trial, a party discovers additional evidence or the evidence of additional witness or witnesses, or decides to use additional evidence, witness or witnesses, such evidence is or may be subject to discovery and inspection, under such prior order he shall promptly notify the other party or his attorney and the court of the existence of the additional evidence or the names of such additional witness or witnesses . . . ."

*States v. Miller*, 529 F.2d 1125, 1128 (9th Cir. 1976).

In the instant action, the state did not discover Mr. Reeder until the evening after the first day of trial. He was introduced as a rebuttal witness on the second day of trial. The state limited his testimony to rebuttal because he had not been disclosed. Furthermore, the state made an offer of proof outside the presence of the jury. Thus, the appellant was informed of the substance of Mr. Reeder's testimony before he testified. The defendant did not object to the admission of the testimony on the basis that he would be prejudiced thereby, nor did the defendant seek a continuance so he could prepare to meet the testimony. If the defendant was surprised or prejudiced by the late disclosure, he should have moved for a continuance. *See State v. Smoot, supra. Cf. State v. Crook*, 98 Idaho 383, 565 P.2d 576 (1977) (if prejudiced by late endorsement of a witness's name upon the information, defendant should have requested continuance); *State v. Nelson*, 97 Idaho 718, 552 P.2d 226 (1976) (where defendant did not allege prejudice by state's failure to endorse witness or seek a continuance, trial court erred in prohibiting the witness from testifying). The defendant has made no showing of prejudice by the late disclosure, and the trial court committed no reversible error in admitting Mr. Reeder's testimony.

### III

The defendant appellant also alleges that the trial court erred in giving its jury instruction number 14 on lesser included offenses.

Trial courts have a duty to instruct the jury on lesser included offenses when they are supported by any reasonable view of the evidence. I.C. § 19–2132(b); *State v. Lopez*, 100 Idaho 99, 593 P.2d 1003 (1979). The trial court instructed the jury that the crime of assault with intent to commit murder necessarily includes the following lesser offenses: attempted manslaughter; assault with a deadly weapon; assault; exhibition or use of a deadly weapon; discharging firearms at another; and, aiming firearms at another. The defendant argues that the number of offenses and elements of each set out in instruction number 14 was so great that the instruction could have confused or misled the jury. We disagree. The six lesser included offenses were set out separately in the instruction, and the elements of each offense were clearly stated. The crimes listed as lesser included offenses were not so numerous as to confuse or mislead the jury.

The defendant claims that giving instruction number 14 was erroneous in another regard. Essentially, defendant argues that there is no rational basis for distinguishing between the various offenses included in instruction number 14, and that by giving the instruction the trial court offended the defendant's rights of equal protection.

This Court has previously recognized that the legislature has a wide discretion both in classifying the subject matter to be protected by criminal law and in establishing punishments for the violation of such laws. *State v. Webb*, 96 Idaho 325, 528 P.2d 669 (1974); *State v. Ash*, 94 Idaho 542, 493 P.2d 701 (1971). The authority of the legislature to define crimes and fix punishment therefor is not denied unless the classifications are unnatural, arbitrary or unreasonable. *Malloroy v. State*, 91 Idaho 914, 435 P.2d 254 (1967). Classifications are not arbitrary or unreasonable where they are made with reference to the heinousness or gravity of the crime. *See Malloroy v. State, supra; Ex parte Knapp*, 73 Idaho 505, 254 P.2d 411 (1953); *In re Mallon*, 16 Idaho 737, 102 P. 374 (1909).

The lesser offenses included in instruction number 14 are clearly distinguishable on the basis of the heinousness or gravity of each offense. Thus, the classifications are not unreasonable and the jury had a rational basis for distinguishing between the various offenses. We hold that the defendant's right to equal protection of the laws was not violated by the trial court's instruction number 14.

Appellant also assigns error in the trial court's refusal to submit defendant's requested instructions numbers 21, 22 and 23 to the jury. Defendant argues that these instructions dealt with one of his theories of defense, that the defendant was not fully conscious of his actions.

 A defendant in a criminal action is entitled to have his theory of the case submitted to the jury under proper instructions. *State v. Beason*, 95 Idaho 267, 506 P.2d 1340 (1973); *State v. Richardson*, 95 Idaho 446, 511 P.2d 263 (1973). Defendant alleges that he was deprived of this right by the trial court's denial of the requested instructions. However, we have carefully examined the requested instructions and find that they were either erroneous statements of the law, adequately covered by the actual instructions given by the trial court, or not supported by the facts of the case. *See State v. Griffiths*, 101 Idaho 163, 610 P.2d 522 (1980); *State v. Beason, supra; State v. Fisk*, 92 Idaho 675, 448 P.2d 768 (1968). There was no error in the trial court's refusal of appellant's requested instructions.

## IV

As a final assignment of error, defendant appellant alleges that the sentence imposed by the trial court is excessive. The defendant was convicted of two counts of assault with a deadly weapon, I.C. § 18–906, and sentenced to the maximum determinate term of five years incarceration on each count, the sentences to run consecutively.

Pursuant to I.C. § 19–2520, the trial court imposed an additional five year sentence, to run consecutively to the other terms, for defendant's use of a firearm during the commission of the crime. At the time of the trial and sentencing in this action, I.C. § 19–2520 provided, in pertinent part:

"Any person convicted of a violation of [Idaho Code section] 18–906 (assault with a deadly weapon) ..., who carried, dis-

played, used, threatened, or attempted to use a firearm while committing the crime, shall, in addition to the sentence imposed for the commission of the crime, be imprisoned in the state prison for not less than three (3) nor more than fifteen (15) years. Such additional sentence shall run consecutively to any other sentence imposed ...." [2]

Although the defendant could have received a maximum sentence of twenty-five years, defendant alleges that the trial court abused its discretion by sentencing him to a total determinate sentence of fifteen years.

 Where the sentence is within the statutory limits, an appellant has the burden of showing clear abuse of discretion on the part of the sentencing court. *State v. Stroup*, 101 Idaho 54, 607 P.2d 1328 (1980); *State v. Wilson*, 100 Idaho 725, 604 P.2d 739 (1979); *State v. Chapa*, 98 Idaho 54, 558 P.2d 83 (1976).

 Therefore, a review of the record is appropriate to determine whether abuse of discretion occurred below. *See State v. Dillon*, 100 Idaho 723, 604 P.2d 737 (1979); *State v. Kingsley*, 99 Idaho 868, 590 P.2d 1014 (1979).

Even though the defendant's criminal record was clean during the years immediately preceding the crimes charged in this action, the record indicates that the defendant had a history of confrontation with the law. He had been convicted twice on felony charges and nine times on misdemeanor charges between the years 1954 and 1973. Defendant had previously served two prison terms and had been incarcerated in county jails on four occasions. The defendant suffered an alcohol problem which he was unable to control. Finally, the trial court was impressed with the violent nature of the crime, defendant's firing some sixteen rounds at the two complaining police officers and his mother.

2. In 1980, the legislature deleted the crime of assault with a deadly weapon, I.C. § 18–906, from the listed offenses which would receive an enhanced penalty for committing a crime with a firearm. 1980 Idaho Sess. Laws, ch. 296, § 1.

The two counts of assault with a deadly weapon each carried a maximum five year sentence, which the trial court imposed. The trial court imposed an additional five years under I.C. § 19–2520. We find no abuse of discretion in sentencing.

We find nothing in this record upon which reversible error may be predicated and affirm both the convictions and the sentence.

McFADDEN, DONALDSON and SHEPARD, JJ., concur.

BISTLINE, Justice, dissenting.

### I.

The Court's opinion, though generally sound, appears to have succumbed to the postulate that once an accused has been found guilty, it is justifiable appellate practice to look kindly upon what would in the abstract be readily discernible as the highly prejudicial error which it is. In particular, attention is drawn to this passage of the Court's opinion which deals with the state's introduction into evidence of a surprise witness just before final summation to the jury:

"In his case, the defendant presented evidence that he was highly intoxicated at the time he fired the shots in the direction of the police officers and testified that he did not intend to shoot at the police officers. Upon completion of the defendant's case, the state called Mr. Reeder to the stand . . . .

"Mr. Reeder then testified: that he was an emergency medical technician in the city of Parma, Idaho; that he had responded on the ambulance call to the defendant's residence on the morning of the shooting; and that en route to the hospital, the defendant made statements 'to the effect that [he] had the officer in his sights, but the officer moved.' Mr. Reeder further testified that while defendant's speech was somewhat slurred, in his opinion the defendant was only moderately intoxicated at the time. Thus, Mr. Reeder's testimony was limited to that which tended to repel, counteract or disprove evidence presented by the defendant [*i.e.*, rebuttal testimony]."

I cannot agree with the Court's characterization of the testimony as rebuttal testimony, and beyond the decision of this particular case, a larger concern is the Court's comprehension of proper rebuttal.

### A.

In this case the statements which Reeder testified were made by Olsen are properly characterized as admissions, and are damaging in the extreme. This being the case, it was not necessary for the state to lay a predicate or foundation by questioning Olsen about his conversations with Mr. Reeder before Mr. Reeder testified in that regard. Furthermore, the fact that the state did go the foundation route by asking the defendant whether he had made the statements to Reeder did not transform Reeder's case in chief testimony into impeachment evidence which could be admitted out of order in rebuttal as the trial came to a close. *See Robinson v. Commonwealth*, 459 S.W.2d 147, 149 (Ky.1970). "[The witness'] testimony involved an alleged admission on [the defendant's] part, was clearly substantive in nature, and necessarily had to be introduced in chief." *Id.*

There was never any question in this case that Olsen was the one who fired the shots. The only real issue at trial was Olsen's intent at the time the shots were fired. By pleading not guilty, Olsen put the state on notice that he was going to claim that he did not intend to cause harm to anyone. I do not believe that the defendant's reiteration of his denial of guilt and his attempts to establish the principal facts that purportedly support his claim, transform into rebuttal testimony evidence which should have been admitted in the state's case in chief. The opinion of Justice Traynor, in *People v. Carter*, 48 Cal.2d 737, 312 P.2d 665 (1957), is persuasive in that regard.

"Section 1093(4) of the Penal Code provides that after the defendant has offered his evidence the prosecution may then offer 'rebutting testimony only, unless the court, for good reason, in further-

ance of justice * * * ' permits it to offer evidence upon its original case. In a sense all evidence that tends to establish the defendant's guilt over his protestations of innocence rebuts the defendant's case, but it is not all rebuttal evidence within the purpose of section 1093(4). The purpose of the restriction in that section is to assure an orderly presentation of evidence so that the trier of fact will not be confused; *to prevent a party from unduly magnifying certain evidence by dramatically introducing it late in the trial*; and to avoid any unfair surprise that may result when a party who thinks he has met his opponent's case is suddenly confronted at the end of trial with an additional piece of crucial evidence. *Thus proper rebuttal evidence does not include a material part of the case in the prosecution's possession that tends to establish the defendant's commission of the crime. It is restricted to evidence made necessary by the defendant's case in the sense that he has introduced new evidence or made assertions that were not implicit in his denial of guilt. See People v. Byrd*, 42 Cal.2d 200, 211–212, 266 P.2d 505, certiorari denied 348 U.S. 848, 75 S.Ct. 73, 99 L.Ed. 668; *People v. Nye*, 38 Cal.2d 34, 38–39, 237 P.2d 1; *People v. Avery*, 35 Cal.2d 487, 491, 218 P.2d 527; 6 Wigmore, Evidence, 510–511, 516 (3d ed. 1940). A defendant's reiterated denial of guilt and the principal facts that purportedly establish it does not justify the prosecution's introduction of new evidence to establish that which defendant would clearly have denied from the start." 312 P.2d at 674–75 (emphasis added) (quoted in *People v. Thompson* [27 Cal.3d 303, 165 Cal.Rptr. 289], 611 P.2d 883, 898 (1980)).

In its brief the state argues: "The State did not discover the identity of Bruce Reeder until the evening after the first day of trial. The State had already finished its case in chief. No opportunity to present his testimony except as rebuttal evidence existed." An examination of the record, corroborates that the state learned of Reeder during the evening following the first day of trial, but, as I read the record, the state did not finish its case in chief until approximately 1:30 on the second day of the trial. Thus, the state errs in arguing that the evidence was not available to it during the state's case in chief. Furthermore, the testimony of Bruce Reeder was unquestionably a "material part of the case in the prosecution's possession that tend[ed] to establish the defendant's commission of the crime." The testimony of Reeder was the *only* testimony introduced at trial of statements made by the defendant which might be said to sustain the finding that he entertained an intention to injure or harm someone. It was improper for the state to hold this witness back and present him dramatically as its last witness before the case went to the jury. I also agree with statements of the Michigan court in the recent case *State v. McGee*, 68 Mich.App. 519, 243 N.W.2d 663 (1976), in which it honored the 1885 holding of an earlier Michigan court:

> " '[I]t is not proper to divide up the testimony on which the people propose to rest their case, and nothing which tends to prove the commission of the crime itself, or its immediate surroundings, can be classed as rebutting evidence under ordinary circumstances, if at all.' " 243 N.W.2d at 665.

### B.

The Court in this case reasons that even if the testimony of Mr. Reeder was not rebuttal testimony, it was not improper to allow him to testify on the slim premise that the defendant had a fair opportunity to meet the evidence—to impeach or contradict the testimony. The Court cites as support for this proposition *State v. Hewitt*, 73 Idaho 452, 254 P.2d 677 (1953); *State v. Orr*, 53 Idaho 452, 24 P.2d 679 (1933); and *State v. Mushrow*, 32 Idaho 562, 185 P. 1075 (1919). I cannot agree.

The order of a criminal trial is specifically governed by I.C. § 19–2101, which provides:

> "Order of trial.—The jury having been impaneled and sworn, the trial must proceed in the following order: ·

1. If the indictment is for a felony, the clerk must read it and state the plea of the defendant to the jury. In all other cases this formality may be dispensed with.

2. The prosecuting attorney or other counsel for the people must open the cause and offer the evidence in support of the indictment.

3. The defendant or his counsel may then open the defense and offer his evidence in support thereof.

4. *The parties may then respectively offer rebutting testimony only, unless the court for good reason, in furtherance of justice, permit [sic] them to offer evidence upon their original case.*

5. When the evidence is concluded, unless the case is submitted to the jury on either side, or on both sides, without argument, the prosecuting attorney or other counsel for the people must open, and the prosecuting attorney may conclude, the argument.

6. The judge must then charge the jury if requested by either party; he may state the testimony and declare the law, but must not charge the jury in respect to matters of fact; such charge must be reduced to writing before it is given, unless by the mutual consent of the parties it is given orally." (Emphasis added.)

This Court applied I.C. § 19-2101 in *State v. Miller*, 60 Idaho 79, 88 P.2d 526 (1939), a case in which the defendant was tried and convicted of the crime of operating a motor vehicle on a public highway while under the influence of intoxicating liquor. The Court reversed the judgment for several reasons, one of which was the improper admission of testimony upon rebuttal.

"The witness McConnell was also called on rebuttal and over the objection of defendant was allowed to testify that he saw defendant about 6 o'clock in the evening of February 5th and that he 'was under the influence of intoxicating liquor.' This evidence was competent as a part of the state's case and should have been introduced in the case in chief. It was admissible in rebuttal only upon a showing of 'good reason' and that its admission would be 'in furtherance of justice.'" 60 Idaho at 84-85, 88 P.2d at 528.

In this case, as in *Miller*, the trial court failed to require "good reason" for admitting testimony upon rebuttal which should have been a part of the state's case in chief. Similarly, there was a failure to establish that the admission of the testimony would be in "furtherance of justice." In fact, defendant adamantly contended the contrary. In the absence of such findings, the trial court erred in allowing Reeder to testify upon rebuttal. This is especially true in view of the fact that Reeder remained undisclosed up until the time he testified.

Whether the trial court is or is not required to make a finding of good reason and in furtherance of justice for the admission of testimony upon rebuttal which should have been introduced in the case in chief, the record itself should supply the bases for such findings. In this case such testimony was highly inappropriate at the close of the trial. In *Hewitt*, the Court stated:

"The record does not disclose that appellant was surprised or claimed surprise or was placed in a disadvantageous position or denied the opportunity of explaining the testimony complained about or of contradicting it or that he was in any way unprepared to do either; he did not seek a continuance to enable him to better meet such evidence ...." 73 Idaho at 459, 254 P.2d 677.

Similar statements are contained in the other two cases cited by the Court. *See Orr*, 53 Idaho at 458, 24 P.2d 679; *Mushrow*, 32 Idaho at 564-65, 185 P. 1075. In none of the cases cited, however, was the testimony admitted as rebuttal testimony a material part of the state's case in chief. Thus, I believe the substantial issue is not the vague and difficult almost academic question as to whether the defendant had the opportunity to meet the testimony, but whether he was unduly prejudiced by the admission of such evidence on the state's final rebuttal at the close of the trial. The

Court disposes of the proposition rather easily: "At trial, however, [the defendant] did not seek a continuance to enable him to better meet such evidence, nor did he specifically claim that he would be prejudiced by the admission of the testimony." I see the 1939 *Miller* Court as being more learned and enlightened in the criminal practice field. That Court in two opinions saw that the improper procedure was prejudicial, and that was the end of it. That Court did not search for some hypothesis which would explain just how that which is obviously prejudicial by its very nature is prejudicial.

Although I might in an academic discussion agree with the Court that the defendant had an opportunity to impeach or contradict Mr. Reeder's testimony, the introduction of prejudice, just as a bell once rung cannot be unrung, could not be made to evaporate by placing defendant back on the stand to deny that such statements were made. Moreover, I certainly would not conclude that the defense counsel was not taken by surprise and perhaps disoriented by this belated testimony from an undisclosed witness, or at the least disadvantaged by the use of Mr. Reeder's testimony coming out of order and on rebuttal. Nor would I concede that the defendant did not specifically claim he was prejudiced by the admission of the testimony. The question begged by the Court's view is how specific need one be? At trial, counsel for Olsen objected, and, as the Court sees it, was careless or unspecific. To my mind, however, he was not inarticulate:

"At this time, Your Honor, I am going to object to this. I think it is grossly improper rebuttal.

"The purpose of rebuttal is to rebut information or evidence presented by the defendant in the defendant's case in chief.

"This man has nothing to do with any evidence the defendant presented. The only time in any occurrence he is intending to talk about was brought up was when Mr. Culet raised it on cross examination. We didn't introduce any evidence on this. It's not rebuttal.

"Moreover, his name has not been disclosed to us under the discovery order. I do not believe his name is endorsed on the information.

"Clearly the matters that he is intending to testify to are more apparently in the same line as these other people have testified to.

"This man could have been called in their direct case, and disclosed to us in a proper fashion rather than hidden, and then sprung out on rebuttal.

"I think it's improper, and unfair."

The defendant has continued his claim of prejudice in his arguments before this Court. In his opening brief the defendant argues that this case is like *Schwartzmiller v. Winters*, 99 Idaho 18, 576 P.2d 1052 (1978), in that the defendant was deprived of adequate time in which to prepare a defense and that the information withheld was of significant importance to his case and may have been material to the outcome of the case. He also argues that "by virtue of Mr. Reeder's profession as a pharmacist and his training as an emergency medical technician, his opinion as to the degree of the defendant's intoxication was likely to carry significant weight with the jury." In his reply brief the defendant expands on this argument stating:

"Here the undisclosed witness undoubtedly affected the outcome of the trial. The testimony was dramatically introduced late in the trial, thereby magnifying its importance; it was offered by a witness who purported to have special competence in the evaluation of intoxication; and it concerned the most crucial issues in the case."

The evidence introduced in this case was not evidence on an issue raised by the defendant for the first time in the presentation of his case in chief, nor was the evidence by any stretch of the imagination evidence of a collateral nature. On any view, prejudice is inherent in a case in which the state withholds until rebuttal evidence which was available to the state during the presentation of its case in chief and which is crucial to establishing an element

critical to proving the commission of the alleged crime. There is no way that a defendant can adequately prepare to meet the state's case if a material part of the state's evidence is undisclosed and not presented until rebuttal. The principle is so plainly to be seen that it is undeserving of further comment.

Nor should the fact that the defendant did not seek a continuance be determinative in this case. Although a continuance may have allowed defense counsel time in which to seek out evidence to contradict or impeach the testimony of Mr. Reeder, it would not have lessened the prejudicial impact that resulted to the defendant from the perfectly timed disclosure. Moreover, one may properly wonder how many district judges would actually grant a request for a continuance (and how long a continuance would be allowed) with a sitting jury ready to deliberate? And, that is not to forget the practical aspect of the situation, totally overlooked in the Court's opinion. To ask for a continuance can only, and necessarily would, have the automatic effect of heightening and emphasizing the prejudicial influence of the final state witness in the case— and most likely the final witness of the entire trial. Most attorneys of trial experience would make their objection, abide by the rulings, and hope for an enlightened appellate court, a court which is blessed with a thousandfold more time in which to ponder its ruling than is a trial court.

The defendant in this case prepared to defend and did defend the case believing that there was no one who would testify as to statements made by him indicating that he intended to harm someone. He could not, after the last witness had been called, go back and change the theory of his case, decide that it would be better not to testify on his own behalf, or change the manner in which the evidence on his behalf was presented. Thus, the fact that he might have had an opportunity to contradict or impeach the testimony of Mr. Reeder, to my mind does not remove the prejudicial effect of allowing Reeder to testify as a rebuttal witness.

It is not unlikely that the Court's opinion today may encourage some prosecutors to intentionally reserve damaging evidence for rebuttal which more properly should be presented as part of the state's case in chief. Hopefully other prosecutors will remember that they, too, are judicial officers.

II.

In this case, the defendant was convicted of two counts of assault with a deadly weapon and was sentenced to the maximum determinate term of five years on each count, the sentences to run consecutively. In addition, the trial court imposed a five year sentence pursuant to I.C. § 19-2520, to run consecutively to the other terms. The majority concludes that the trial court did not abuse its discretion by sentencing Olsen to a total determinate sentence of 15 years. If Olsen had been convicted in a trial free of prejudicial error, I might not disagree. Under the circumstances, however, I believe that the sentence was unduly harsh. I continue to adhere to the views expressed in *State v. Warden*, 100 Idaho 21, 26–34, 592 P.2d 836, 841–59 (1979) (Bistline, J., dissenting), and would reduce the sentence to five years.

*I dissent.*