761 P.2d 1250

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ronald TALLEY, Defendant–Appellant.**

No. 17126.

Court of Appeals of Idaho.

Sept. 8, 1988.

Charles B. Lempesis, Kootenai County Public Defender and Theodore L. Rupp, Deputy, Post Falls, for defendant-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Ronald Talley was convicted by a jury of one count each of kidnapping in the first degree; assault with intent to commit a serious felony; infamous crime against na-ture, and rape. He was sentenced to a fifteen-year indeterminate term for the kidnapping in the first degree; a ten-year indeterminate term for the assault with intent to commit a serious felony; a five-year indeterminate term for the infamous crime against nature and an eighteen-year indeterminate sentence for the rape. The court ordered that all the sentences be served concurrently and gave Talley credit for eighty-seven days spent in jail pending disposition of the charges.

The sole issue on appeal is whether the sentences were unduly harsh in light of Talley's former history and lack of criminal record. Because of the concurrent nature of the sentences, the thrust of Talley's challenge is directed toward the eighteen-year sentence on the rape conviction. For the reasons given below we find the sentences are not unduly harsh and we affirm.

We note that the purposes of sentence review are to correct excessive sentences, having regard for the nature of the offense, the character of the offender, and the protection of the public interest, as well as to facilitate rehabilitation, promote respect for law, and promote the development of rational sentencing. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

In the instant case the following facts were presented to the jury. Ronald Talley came upon his victim as she was hitch-hiking from Coeur d'Alene to Sandpoint. She accepted a ride and fell asleep. She awoke to find a handgun being pointed at her. She was bound and forced into the backseat of Talley's station wagon. She was taken to a remote spot where Talley ordered her out of the car, unbound her, had her undress and perform fellatio on him. Talley then had intercourse with her. Talley then took the victim back to the highway and dropped her off. Before doing so, he took an address from her and threatened to kill her child if she told anyone about the incident. The victim memorized Talley's license plate and gave that information to the police, who then gathered additional forensic evidence. At trial Tal-

ley admitted having had sexual relations with the victim but testified that they were consensual, i.e., the victim was a willing participant with him. He denied using any force or threats against the victim. As noted, the jury returned guilty verdicts on the four counts as outlined above.

A sentence must be reasonable and is subject to modification on review where appropriate. *State v. Kingsley*, 99 Idaho 868, 590 P.2d 1014 (1979); *State v. Shideler*, 103 Idaho 593, 651 P.2d 527 (1982). Further, a term of confinement should be tailored to the purpose for which the sentence is imposed. *State v. Toohill, supra.* In determining a proper sentence, a district court must first consider the good order and protection of society. *State v. Moore*, 78 Idaho 359, 304 P.2d 1101 (1956). Here, Talley picked up his victim, a young mother who needed a ride. He abducted her by force and took her to a remote area where he then raped her. Although Talley had no prior criminal record (other than traffic citations) this incident suggests that Talley is capable of extremely dangerous acts. On review we will not substitute our judgment for that of the sentencing authority, but will modify a lawful sentence only if an abuse of discretion appears. *State v. Couch*, 103 Idaho 496, 650 P.2d 638 (1982); *State v. Griffiths*, 101 Idaho 163, 610 P.2d 522 (1980); *State v. Toohill, supra.* Under I.C. § 18–6104 the maximum penalty for rape is life in prison. Consequently, the sentence in this case was lawful. The crimes were committed in October, 1986. The 1986 amendment to I.C. § 20–223 did not take effect until February 1, 1987. Under former § 20–223 Talley will be eligible for parole when he has served one-third of the sentences for kidnapping and rape. In essence, Talley may become eligible for parole in approximately six years. The question, then, is whether confinement for at least this period is reasonable.

The four criteria we consider in sentence review were announced in *Toohill:* (1) protection of society, (2) deterrence of the individual and the public generally, (3) possibility of rehabilitation, and (4) punishment or retribution for wrongdoing. *See also State v. Wolfe*, 99 Idaho at 384, 582 P.2d at 730 (1978); *State v. Moore*, 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1956). Here, during the sentencing proceeding, the district judge explicitly considered each of the above criteria. He examined the facts of the crimes and Talley's character. He was presented with a report from a court-appointed psychologist selected by Talley. The report caused the judge to express "great concern from the standpoint of protection of society." In light of all the circumstances, we conclude the sentences imposed by the district court were not unduly harsh. The judgment imposing the sentences is affirmed.