# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45003

STATE OF IDAHO, )
                                      )              **Boise, September 2017 Term**

      **Plaintiff-Respondent,** )

                                        )              **2017 Opinion No. 127**

v. )

                                        )              **Filed: December 21, 2017**

DANIEL MONTGOMERY, )

                                        )              **Karel A. Lehrman, Clerk**

      **Defendant-Appellant** )

Appeal from the District Court of the First Judicial District of the State of Idaho, in and for Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

The judgment of conviction is <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant. Elizabeth A. Allred argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Jessica Lorello argued.

_____

BRODY, Justice.

      Daniel Montgomery appeals from his conviction for unlawful discharge of a firearm at an occupied vehicle. Montgomery contends the district court abused its discretion when it allowed the State to present the testimony of two undisclosed rebuttal witnesses in violation of the requirements of Idaho Criminal Rule 16(b)(6). Montgomery also asserts that the prosecution engaged in misconduct by arguing during closing that certain witnesses lied, resulting in a violation of Montgomery's right to a fair trial. We affirm the judgment of conviction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

      On September 18, 2014, a white Jeep Cherokee turned onto the street where Montgomery lived, jumped a curb, and struck a trash can. The Jeep reached the end of the cul-de-sac, turned around, and headed toward Montgomery's home. Montgomery was working on a car in his driveway with his daughter when he heard screeching tires and the impact. Montgomery entered the street as the Jeep approached, with his handgun drawn.

Montgomery pointed his gun at the driver through the windshield, forcing him to stop. The driver of the Jeep got out and he and Montgomery briefly spoke, while Montgomery kept his gun pointed at him. The driver got back in the vehicle, shut the door, and the Jeep slowly moved forward. Once the Jeep began to accelerate, it made contact with Montgomery, who moved out of the way. Montgomery fired two rounds into the engine of the Jeep as it moved passed him and another three rounds at the back of the Jeep. The driver and his passenger drove away unharmed. A neighbor's home security camera recorded the confrontation.

The State charged Montgomery with two counts of aggravated assault and one count of unlawful discharge of a firearm into an occupied vehicle. At the preliminary hearing, one count of aggravated assault was dismissed because of insufficient evidence. Prior to trial, pursuant to Idaho Criminal Rule 16(b)(6), Montgomery made a discovery request asking for the names of all persons having knowledge of relevant facts who may be called by the prosecuting attorney as witnesses at trial. The State disclosed twenty-five potential witnesses.

At trial, Montgomery testified on his own behalf. He essentially testified that he acted in self-defense or defense of others, explaining that he had to seek medical attention from a local medical center the day after the incident and was diagnosed with multiple contusions and a displaced hip from the impact of the vehicle. To rebut Montgomery's testimony, the State called as a witness the booking deputy who processed Montgomery the night he was arrested. Montgomery objected and requested that the district court exclude the witness's testimony as a discovery sanction because the State did not disclose him as a potential witness as required by Idaho Criminal Rule 16(b)(6). The district court overruled Montgomery's objection, and the booking deputy was allowed to testify that Montgomery told him in response to standard intake questioning that he was in good health and did not have any injuries.

Montgomery also testified at trial, to the best of his knowledge, that all five bullets he fired at the vehicle were recovered. He based his knowledge on the police reports. The State called an investigating officer to rebut this testimony. Montgomery objected to this testimony on the same grounds he raised for the booking deputy. The district court overruled the objection, and the investigating officer was allowed to testify that he examined the Jeep's flat tire and found two holes and a significant dent in the rim, along with two deformed slugs inside the tire. There is no dispute that Montgomery received a copy of the investigating officer's report as part of

discovery, but the investigating officer's name was not on the State's witness list provided during discovery.

The jury acquitted Montgomery of the aggravated assault charge, but found him guilty of unlawfully discharging his firearm into an occupied vehicle. Montgomery timely filed a notice of appeal. Montgomery's appeal was initially heard by the Idaho Court of Appeals, which upheld the conviction on the ground that the district court acted consistently with the applicable legal standards. Montgomery filed a petition for review, which we granted.

## II. ANALYSIS

### A. Idaho Criminal Rule 16(b)(6) requires the disclosure of rebuttal witnesses.

Montgomery claims the district court abused its discretion when it allowed the booking deputy and investigating officer to testify in rebuttal. He argues the district court's decision was not in accordance with applicable legal standards since the scope of the required disclosures in Idaho Criminal Rule 16(b)(6) does not contain any exception for rebuttal witnesses. Montgomery contends the Court's historical justification for excluding rebuttal witnesses from disclosure is no longer valid because of statutory changes in Idaho Code section 19-1302, the statute which governs criminal informations, and that our cases excepting rebuttal witnesses from disclosure since the amendment of section 19-1302 should be overruled. We agree with Montgomery's reading of Idaho Criminal Rule 16(b)(6), but hold that the district court's decision to allow the rebuttal witnesses to testify does not constitute grounds for reversing Montgomery's judgment of conviction.

Montgomery sent the State a written discovery request asking for the names and contact information for all persons having knowledge of relevant facts who may be called by the State as witnesses at trial. Montgomery's request tracked the requirements of Idaho Criminal Rule 16(b)(6), which states:

> On written request of the defendant, the prosecuting attorney must furnish to the defendant a written list of the names and addresses of *all persons having knowledge of relevant facts who may be called by the state as witnesses at the trial*, together with any record of prior felony convictions of any of them, that is within the knowledge of the prosecuting attorney. The prosecuting attorney must also furnish, on written request, the statements made by the prosecution witnesses or prospective prosecution witnesses to the prosecuting attorney or the prosecuting attorney's agents or to any official involved in the investigation of the case unless a protective order is issue as provided in subsection (1) of this rule.

3

I.C.R. 16(b)(6) (emphasis added). The State disclosed twenty-five potential witnesses, but did not include the booking deputy or investigating officer.

When the State called the booking deputy and investigating officer to testify in rebuttal, Montgomery objected based on a footnote in *State v. Wilson*, 158 Idaho 585, 589 n.2, 349 P.3d 439, 443 n.2 (Ct. App. 2015), which pointed out that Idaho Criminal Rule 16(b)(6) contained no language excepting rebuttal witnesses from the disclosure requirement and questioned the precedential value of our case law which did not address the language of the rule. The district court did exactly what it was required to do—it applied our existing case law, stating:

> The prior precedent established by previous rulings of the Supreme Court and continuing beyond the amendment to Idaho Code Section 19-1302 stands for the proposition that rebuttal witnesses do not have to be disclosed, and those cases have not been overruled, which includes *State versus Jones*, 125 Idaho 477 [873 P.2d 122 (1994)], and *State versus Lopez*, 107 Idaho 726 [692 P.2d 370 (1984)].

Today we clarify the requirements of Rule 16(b)(6) and overrule the authority relied upon by the district court to the extent it conflicts with this decision.

Before taking up the particulars of Rule 16(b)(6), we need to address the standards of construction we use when interpreting court rules. Previously, we have explained that when interpreting court rules we apply the same standards of construction that we use when interpreting statutes. *See, e.g.*, *Miller v. Haller*, 129 Idaho 345, 350, 924 P.2d 607, 612 (1996). This statement is overly broad.

The Court clarified the standard to be used when interpreting statutes in *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011). The Court explained that the interpretation of a statute must begin with the literal words and that those words must be given their plain, usual, and ordinary meaning. *Id.* at 893, 265 P.3d 506 (quotation and citation omitted). We explained that a statute must be construed as a whole, and that if a statute is not ambiguous, the Court does not construe the statute, but rather, simply follows the law as written. *Id.* (citation omitted). If a statute is unambiguous, the Court does not consult legislative history or other extrinsic evidence in an effort to alter the legislative intent expressed in the language itself. *Id.* (citation omitted). The Court will not revise or void an unambiguous statute on the grounds that it is patently absurd or that it would produce absurd results when applied as written. *Id.* at 896, 265 P.3d at 509.  If a statute is unsound or the policy behind it unwise, the power to correct the statute rests with the Legislature, not the judiciary. *Id.* at 893, 896, 265 P.3d 506,509 (citations omitted).

4

We are not constrained by the constitutional separation of powers when interpreting rules promulgated by the Court. Today we make it clear that while the interpretation of a court rule must always begin with the plain, ordinary meaning of the rule's language it may be tempered by the rule's purpose. We will not interpret a rule in a way that would produce an absurd result. Instead, in keeping with the Idaho Criminal Rules' aim of "provid[ing] for the just determination of every criminal proceeding." I.C.R. 2(a), we construe the rules "to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay." *Id.*

The plain language of Idaho Criminal Rule 16(b)(6) requires the disclosure of the names of "all persons" having knowledge of relevant facts who may be called as witnesses at trial. The parties advance differing views of the rule, Montgomery contending its plain language requires disclosure of rebuttal witnesses and the State contending its plain language does not require disclosure. The rule's language provides fodder for each side. In Montgomery's column, the language of the rule makes no distinction between case-in-chief witnesses and rebuttal witnesses. In the State's column, the disclosure obligation extends only to witnesses having knowledge of "relevant" facts. Experience tells us that what constitutes a "relevant" fact can shift depending on the defense presented at trial and may be a moving target.

Since nothing in the language of the rule excepts rebuttal witnesses from the disclosure requirement, how did we arrive at a contrary conclusion in prior cases? Our decision in *State v. Olsen*, 103 Idaho 278, 647 P.2d 734 (1982), appears to be the seminal case involving the disclosure of rebuttal witnesses. In *Olsen*, we considered a claim that the state had a statutory duty, pursuant to Idaho Code section 19-1302 (the statute governing criminal informations), "to disclose witnesses who are known to the prosecution prior to the close of the state's case in chief and whose testimony is admissible during the state's case in chief, regardless of whether they are introduced in the state's main case or in rebuttal." *Id.* at 283, 647 P.2d at 739. We rejected this argument noting, at the time, the statute excluded rebuttal witnesses from the disclosure requirement. *Id.* Idaho Criminal Rule 16(b)(6) was not in play at the time *Olsen* was decided. Moreover, the statute was subsequently amended by the Legislature in 1989 to remove the requirement that witnesses be disclosed in the information.

Following *Olsen*, even after the adoption of Idaho Criminal Rule 16(b)(6) and the statutory amendment, our cases have consistently held prosecutors are not required to disclose rebuttal witnesses. For instance, in *State v. Jones*, 125 Idaho 477, 873 P.2d 122 (1994), Jones

5

argued on appeal that the trial court erred in admitting the testimony of an undisclosed witness. In analyzing that issue, we stated that "[t]he State may call an undisclosed witness when the testimony of the witness only concerns the chain of possession of certain evidence, or during rebuttal." *Id.* at 488, 873 P.2d at 133 (citation omitted). We then decided that the witness was not a rebuttal witness because the witness "surfaced" during the State's case-in-chief. *Id.* at 489, 873 P.2d at 134. In other words, such testimony was not rebuttal and did not contradict the testimony of the defendant. Ultimately, we held the district court erred in admitting the testimony of an undisclosed witness who was not a rebuttal witness, although the error was harmless. *Id.* In *Jones*, however, we were not asked to address Idaho Criminal Rule 16(b)(6).

Today we are squarely presented with the issue of whether the State has an obligation under Idaho Criminal Rule 16(b)(6) to disclose rebuttal witnesses. The answer is yes, but we are mindful of the practical difficulties this rule can present. Despite efforts to scour reports, medical records, and other documents in search of the names of people who have knowledge of relevant facts who may be called to testify, names will undoubtedly be missed. Experience also tells us that trials are unscripted and testimony can be unexpected. It may not be obvious that someone has knowledge of relevant facts since what is "relevant" may turn on a single, unanticipated answer given by a defendant at trial. *See, e.g.*, *State v. Perry*, 150 Idaho 209, 219, 245 P.3d 961, 971 (2010) ("To be admissible for impeachment purposes evidence of a witness's prior inconsistent statement must be relevant to the witness's trial testimony."). The trial courts have considerable discretion under Idaho Criminal Rule 16(b)(6) to determine whether a particular rebuttal witness should have been disclosed and they have considerable discretion under Idaho Criminal Rule 16(k) to fashion an appropriate remedy if there is a violation of the disclosure requirement. Nothing in our decision today should be taken as a bright-line rule that the failure to disclose a rebuttal witness will result in the exclusion of that witness. We continue to rely on our trial courts to construe our criminal rules "to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay." I.C.R. 2(a).

Given our ruling today, we are compelled to find that the district court's decision to allow the investigating officer to testify constituted an abuse of discretion because it did not apply the legal standard we have articulated. *See Cummings v. Stephens*, 157 Idaho 348, 361, 336 P.3d 281, 294 (2014) (citation omitted). The investigating officer had knowledge of relevant facts and

his name should have been disclosed in response to Montgomery's Rule 16(b)(6) discovery request.

That does not, however, end our inquiry. "A defendant appealing from an objected-to, non-constitutionally-based error shall have the duty to establish that such an error occurred, at which point the State shall have the burden of demonstrating that the error is harmless beyond a reasonable doubt." *Perry*, 150 Idaho at 222, 245 P.3d at 974. "In other words, the error is harmless if the Court finds that the result would be the same without the error." *State v. Almaraz*, 154 Idaho 584, 598, 301 P.3d 242, 256 (2013).

Although Montgomery disputed the number of slugs recovered, he did not dispute that he fired shots at the vehicle. The jury also watched a video of the events which showed the incident as it unfolded. Based on the overwhelming evidence presented against Montgomery at trial, we are convinced beyond a reasonable doubt that the jury's verdict would have been the same even without the officer's testimony. Thus, we hold that the district court's decision to admit the investigating officer's testimony was harmless error.

Our analysis of the district court's decision to allow the booking deputy to testify is slightly different. There is no evidence that the State knew or had reason to know that the booking deputy's questioning of Montgomery was relevant until after Montgomery took the stand and described the injuries he allegedly sustained during the incident. The State called the booking deputy to impeach Montgomery with prior inconsistent statements. Even if the district court had applied Rule 16(b)(6) in accordance with our decision today, a decision to allow the booking deputy to testify under these circumstances would have been within the boundaries of the district court's discretion. As such, we hold the district court's decision was not erroneous.

**B. The State did not engage in prosecutorial misconduct in closing argument.**

Montgomery contends the State engaged in prosecutorial misconduct during closing argument by stating that Montgomery and other witnesses lied. He did not object to the argument at the time of trial and did not request any curative instruction. We explained in *Perry* that if the alleged prosecutorial misconduct was not followed by a contemporaneous objection, an appellate court should reverse the conviction only when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. 150 Idaho 209, 226, 245

7

P.3d 961, 978 (2010). Here, Montgomery claims the State's misconduct deprived him of a constitutionally protected right to a fair trial. We disagree.

This court has long instructed that, if the State expresses an opinion as to the credibility of a witness, it must be based on the evidence and should not be couched in terms of a personal opinion. *State v. Garcia*, 100 Idaho 108, 110 n.1, 594 P.2d 146, 148 n.1 (1979). Here, during closing argument, the prosecuting attorney stated:

> When a witness takes the stand, you have to decide whether or not they're lying.
>
> . . . .
>
> [Kyle Decker] said Dan had the gun holstered and he only drew it after Mr. Camacho got back in the vehicle. *That's not what you saw on the video. Mr. Kyle Decker is not to be believed. He lied to you.*
>
> . . . .
>
> Sai Wills took the stand and testified for Mr. Montgomery. *The gun was not drawn until after the vehicle stopped. That's not what you saw in the video. She lied to you.*
>
> Cory Megis testified the gun was holstered. He only drew after the driver got back in the car. *That's not what you saw in the video. He lied to you, too.*
>
> Mr. Montgomery's wife took the stand and lied to you. She said she thought he got run over. Did you see how fast that car was moving or how slow it was moving when it bumped into Dan, Mr. Montgomery? How could a reasonable person think that that's getting run over?
>
> . . . .
>
> Ladies and gentlemen, *you heard Mr. Montgomery lie to you. He told the officers, I didn't pull the gun out, I wasn't afraid until after the driver got back in the car, that's when I started having fear. Well, if that's when he started having fear, then why did he pull the gun out to stop the car*?

(emphasis added).

Parties are given wide latitude in making closing arguments to the jury and discussing the evidence and inferences that can be made therefrom. *State v. Severson*, 147 Idaho 694, 720, 215 P.3d 414, 440 (2009). "The line separating acceptable from improper advocacy is not easily drawn; there is often a gray zone." *State v. Carson*, 151 Idaho 713, 721, 264 P.3d 54, 62 (2011) (citation omitted). In reviewing allegations of prosecutorial misconduct, this Court must keep in mind the realities of trial. *State v. Ellington*, 151 Idaho 53, 62, 253 P.3d 727, 736 (2011). A fair trial is not necessarily a perfect trial. *Id.*

8

At first glance, the State's closing argument appears capable of arousing passion or prejudice against the defendant. However, these statements were based on the video evidence and Montgomery's admission that he fired at the vehicle. The statements were not couched in terms of the prosecuting attorney's personal beliefs. *See State v. Dunlap*, 155 Idaho 345, 369, 313 P.3d 1, 25 (2013) (holding that prosecutor's comments that defendant was lying did not constitute misconduct because the comments were based on evidence presented during the trial). While we believe the State runs a substantial risk of interjecting error into a case when it argues that a witness has lied, the statements made in this case do not constitute prosecutorial misconduct. As such, we affirm the judgment of conviction.

### III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

Chief Justice BURDICK, and Justices JONES, HORTON and Justice Pro Tem SCOTT CONCUR.